**Willie N. REDDIX, Petitioner,**

v.

**Morris THIGPEN, Commissioner, Mississippi Department of Corrections, Eddie Lucas, Warden, Mississippi State Penitentiary, Respondents.**

**Civ. A. No. S81–0146(C).**

United States District Court,
S.D. Mississippi, S.D.

Jan. 20, 1983.

Charles Ramberg, Jackson, Miss., for petitioner.

William Boyd, Asst. State Atty. Gen., Jackson, Miss., for respondents.

WILLIAM HAROLD COX, District Judge.

The petitioner here seeks a writ of habeas corpus to remove him from death row in the state penitentiary at Parchman. This young man has been sentenced to die by the state court and such decision has been affirmed twice by the Supreme Court of Mississippi. That petition for the writ of habeas corpus was finally dismissed by this Court on November 10, 1982 after a very

elaborate and extended discussion of the course which this action has taken both in the state trial court and in the Supreme Court of Mississippi and when certiorari was previously denied by the Supreme Court of the United States.

This death action has bothered this Court very extensively and has resulted in the Court requesting a transcript of the testimony in the state court. The Court noted that the petitioner was literally guilty as properly found by the jury of engaging the attention of the victim who had his back to the robber who struck him three times on the back of the head with a stillson wrench which resulted in his death shortly thereafter. Reddix entered the store with his accomplice when both were unarmed and neither of them had any intention of killing the victim.

This case has been handled in a very abstract way with absolutely no assistance, or cooperation from Reddix's New York lawyers. The facts in this case are that a human life is at stake and at the moment hangs in the balance for an act which the Court seriously questions on personal research can be justified in spite of the loose wording of the statutory scheme of capital murder in Mississippi. Section 97–3–19, Mississippi Code 1972 passed on April 23, 1974 provides: "(2) The killing of a human being without the authority of law by any means or in any manner shall be capital murder in the following cases: (e) When done with or without any design to effect death by any person engaged in the commission of the crime or * * * robbery, or in any attempt to commit such felonies." Irrefragably this storekeeper in Biloxi was unlawfully killed in connection with the robbery of his store; and the petitioner was undeniably present when this victim was killed by one of these two young black men. Reddix never had any plan, or purpose, or intent to kill this elderly white man. Reddix never struck the fatal blow, or any blow which resulted in the death of this victim. Reddix never had possession of this stillson wrench, or any other dangerous tool when these two robbers entered this store in Biloxi about 10:45 a.m., December 2, 1974 and

when Reddix's companion, Larry Jones, murdered Arthur Weinberger during the course of this robbery. Petitioner was properly given his *Miranda* rights on every occasion, but he nevertheless wrote out in his own long hand on December 16, 1974 a statement which showed that at most Reddix was present when this storekeeper was robbed and when he was fatally wounded by Larry Jones. Indeed, Willie N. Reddix was not by any means, or in any manner innocent of this crime of robbery of this store. Reddix took $50, plus $1.00 from the cash register, and took a coat from the store which he gave to his brother, but that is a far cry for any action which called for his execution in the gas chamber at Parchman.

A careful search and close examination and consideration of all of the facts and circumstances simply leaves this Court in serious doubt that Willie N. Reddix did anything on this occasion which entitled the state of Mississippi to execute him for capital murder in spite of the statute, and particularly § 97–3–21 which provides among other things: " * * * Every person who shall be convicted of capital murder shall be sentenced to death or to imprisonment for life in the state penitentiary."

On February 29, 1892 the Supreme Court of the United States unanimously held in *Rector of Holy Trinity Church v. United States,* 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226: "It is a familiar rule that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit nor within the intention of its makers." That announcement was again approved by the Court in the recent case of *National Woodwork Manufacturers Association v. National Labor Relations Board,* 386 U.S. 612, 87 S.Ct. 1250, 18 L.Ed.2d 357. Reddix never had any part, directly or indirectly, in striking this victim and never had any intention or plan to participate in striking Arthur Weinberger. The trouble with this statute which has occasioned this very lengthy record is occasioned by § 97–3–19(2)(e) *which seems to make it unnecessary* that there be any design or intention to effect death if done in connection with a

robbery or in any attempt to commit such offense. The serious question at the very outset is as to whether or not intent is a necessary ingredient of capital murder. The statute seems to dispense with the necessity for such proof. In *Earl Enmund v. Florida,* —— U.S. ——, 102 S.Ct. 3368, 73 L.Ed.2d 1140 Mr. Justice White said that the question before the court in that case was: "Whether death is a valid penalty under the Eighth and Fourteenth Amendments for one who neither took life, attempted to take life or intended to take life." The Court there said: "We have concluded that imposition of the death penalty in those circumstances is inconsistent with the Eighth and Fourteenth Amendments." The decision of the Court in *Enmund* was accordingly reversed and remanded. Mr. Justice Brennan concurred with that opinion. Mrs. Justice O'Connor, the Chief Justice, Mr. Justice Powell and Mr. Justice Rehnquist each dissented. That decision weighs very heavily upon the validity of the Mississippi statute and the consequent validity of Willie N. Reddix's sentence.

It is probable that this Court now does not have jurisdiction of this case because an appeal was taken to the United States Court of Appeals for the Fifth Circuit on a prior date, but if the record can be recovered from the Fifth Circuit with their approval, I will be very happy to express my present views about this case in the light of subsequent developments.

This Court now finds as a fact and adjudicates as a matter of law:

(1) That the State of Mississippi as a sovereign state of the American Union has the unquestionable right to define the penalty for the crime of capital murder within the framework of the United States Constitution.

(2) That all of the state judges who have had any part or participation, directly or indirectly, in the trial and disposition of the case against Willie N. Reddix have executed with their utmost skill as lawyers and have applied their knowledge and ability in the utmost good faith and best of their conscience and integrity to the task of giving Willie N. Reddix a perfectly fair and impartial trial in their handling of this case to date.

(3) That in *Earl Enmund v. Florida,* supra, the Supreme Court of the United States disapproved the death penalty in a capital murder case as impinging upon the Eighth and Fourteenth Amendments of the Constitution in a case where the criminal neither took life, attempted to take life, or intended to take life in that case. This is exactly that kind of case where Willie N. Reddix, in the middle of the morning at 10:45 A.M. on December 2, 1974 in company with another, robbed this store with no proof, or showing of any kind except by bold inference of his intent or preparation to kill this elderly white storeowner. Reddix was unarmed and had no dangerous or lethal weapon of any kind in his hands or in his possession or within his reach on this occasion.

(4) Under such facts and circumstances Reddix has been adjudged guilty of capital murder and ordered to pay the death penalty in the gas chamber at Parchman simply because he was present when his companion (Jones) murdered Weinberger with a stillson wrench on December 2, 1974. Reddix has been on death row in the penitentiary at Parchman since the date of that crime. Nobody in the vast acquaintance of this Court who had anything to do with this Reddix case is so sanguine and so unscrupulous and so corrupt as to employ any strategy to execute this store-robber, except in strict accordance with every right of this criminal under our federal constitution.

It is my considered view under all of the facts and circumstances stated that Willie N. Reddix is justly and legally entitled to have a writ of habeas corpus immediately issued from this Court to him; and that he is justly and legally entitled to be set free of his restraint because he has served as much as, or more than any court could properly or fairly impose upon him for the commission of this crime of robbery which netted him $51.00, plus an imitation leather coat.

It is ordered that petitioner's motion to reconsider my former order in this matter and that order to reconsider is sustained, and the previous order mentioned is withdrawn and vacated; that this Court now orders that a writ of habeas corpus issue from this Court to the warden of the state penitentiary at Parchman, and the Governor and the Attorney General of the state of Mississippi are ordered that they desist from the further detention of Willie N. Reddix, and he is ordered immediately liberated from the control of the custody of the officers of the state of Mississippi, and the judgments of the state court which order the execution of Willie N. Reddix as a capital murderer is vacated and set aside and such state officers shall immediately free Willie N. Reddix from custody since he has been sufficiently punished for the crime of robbery which he conducted on December 2, 1974 in Jackson County, Mississippi, and this writ shall be their warrant therefor.