Willie N. REDDIX, Petitioner-Appellee,

v.

Morris L. THIGPEN, Commissioner, Mississippi Department of Corrections, et al., Respondents-Appellants.

No. 83–4068.

United States Court of Appeals, Fifth Circuit.

May 21, 1984.

William S. Boyd, III, Marvin L. White, Jr., Sp. Asst. Attys. Gen., Jackson, Miss., for respondents-appellants.

Steven L. Winter, New York City, Charles H. Ramberg, Jackson, Miss., for petitioner-appellee.

ON PETITIONS FOR REHEARING

(Opinion March 26, 1984, 5 Cir., 1984, 728 F.2d 705)

Before CLARK, Chief Judge, GARZA and JOLLY, Circuit Judges.

PER CURIAM:

In its petition for rehearing, the state essentially urges us to adopt a position we already have adopted. We agree with the state that a felony murder conviction may support a death sentence. We also agree that the evidence in this case is sufficient to support a jury conclusion that Reddix had a personal intent to kill.

What the panel opinion held, however, and a point with which the state takes issue, is that because the jury instructions might have led the jury to believe it could impute the intent of Reddix's accomplice, who actually committed the murder, to Reddix, we do not know whether the jury concluded that Reddix had the personal intent to kill necessary before the state may impose the death sentence. This holding is exactly what *Enmund v. Florida,* 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), and our previous case of *Skil-*

*lern v. Estelle,* 720 F.2d 839 (5th Cir.1983) require. It is not, as the state argues, an unnecessarily restrictive interpretation of *Enmund.*

The state also argues that we did not give due deference to the fact finding of the Mississippi Supreme Court as required by *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). The supreme court, however, made no specific finding that Reddix had a personal intent to kill. It said only, " 'By their fruits ye shall know them.' There is no showing in this record that anything unanticipated occurred, to throw them off balance or to change their course." To the extent that this statement qualifies as a factual finding at all, we agree with the district court, 554 F.Supp. 1212 (D.Miss.1983), that even under the deferential standard of *Sumner,* it does not supply the finding of personal intent required by *Enmund.*

Finally, we disagree with the state, *Reddix v. State,* 381 So.2d 999 (Miss.1980), that our holding is inconsistent with that of the Eleventh Circuit in *Drake v. Francis,* 727 F.2d 990 (11th Cir.1984). In *Drake,* the court said:

> The crime of felony murder may be applied in two different situations. First, it may be used to impute the crime of murder to a participant in the felony who took no part in the actual murder.... Second, a participant in the commission of the felony who lacked the requisite intent to murder but did take part in the actual killing may be convicted of murder. In this case, the intent to commit the felony is imputed to the murder so that a showing of malice becomes unnecessary. Because we are dealing here with this latter type of felony murder, the *Enmund* decision is not controlling.

*Id.* at 997.

As is obvious from the plain wording of *Drake,* our opinion is in complete harmony with it. Unlike the situation in *Drake,* this is *Drake's* first type of felony murder case, in which the participant in the felony took no part in the actual murder and for whom a showing of personal intent is necessary under *Enmund.*

We have considered the arguments raised by the state in its petition for rehearing, and find each to be without merit. In a separate petition for rehearing, however, the petitioner requested that we correct a factual error to reflect that Reddix dictated, but did not himself write, his confession. We have made this correction, and it will appear in the final printed version of the opinion in this case.

The petitions for rehearing are DENIED.