460 So.2d 890 (1984)
Gerald Eugene STANO, Appellant,
v.
STATE of Florida, Appellee.
No. 63947.
Supreme Court of Florida.
November 1, 1984.
Rehearing Denied January 15, 1985.
*891 James B. Gibson, Public Defender and Christopher S. Quarles, Asst. Public Defender, *892 Seventh Judicial Circuit, Daytona Beach, for appellant.
Jim Smith, Atty. Gen. and Kenneth McLaughlin, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Stano appeals his adjudication of guilty of two counts of first-degree murder and his two death sentences. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and we affirm.
Stano pleaded guilty to first-degree murder for the strangulation/drowning death of one woman in 1975 and the shooting/drowning death of another woman in 1977. The court accepted the pleas and adjudicated Stano guilty as charged. Stano waived a sentencing jury, and, after a three-day sentencing hearing, the trial court sentenced him to death on each charge.
On appeal Stano argues that the trial court improperly imposed the death penalty and erred in denying his motion to preclude imposition of the death penalty and that section 921.141, Florida Statutes (1983), is unconstitutional. We find no merit to any of these points. Moreover, although not raised on appeal, we find a competent basis for the trial court's acceptance of Stano's guilty pleas and the adjudications of guilt.
For the 1977 murder the trial court found three aggravating circumstances (previous conviction of six first-degree murders; heinous, atrocious, or cruel; and committed in a cold, calculated, and premeditated manner) and three nonstatutory mitigating circumstances (Steno's difficult early childhood, his marital difficulties, and his confessions and guilty pleas) applicable. For the 1975 murder the trial court found the same aggravating and mitigating factors plus one additional aggravating circumstance (committed during a kidnapping). Stano now claims that the trial court found improper aggravating circumstances, considered evidence of nonstatutory aggravating circumstances, and failed to give substantial weight to relevant and appropriate mitigating factors. We disagree with these contentions.
Although Stano does not challenge the court's finding previous convictions of violent felonies in aggravation, it is important to note the court's conclusion regarding this circumstance. Prior to these proceedings, Stano had pleaded guilty to six counts of first-degree murder for the killing of six young women and, pursuant to a plea bargain agreement, had been sentenced to six consecutive terms of life imprisonment without eligibility of parole for twenty-five years. In the instant sentencing orders the trial court stated:
The Court is aware it is not to engage in a mere mechanical tabulation of criteria, but rather it is to carefully weigh and evaluate the evidence. In this case the large number of prior murder convictions is the dominant factor. This criteria is entitled to great weight. By itself it would outweigh the mitigating factors, and call for the death penalty. This factor is, however, accompanied by additional aggravating circumstances. The aggravating circumstances far outweigh the mitigating circumstances.
(Emphasis supplied.)
We need not depend solely on the trial court's statement as to the weight given to the first aggravating factor as set out above, however, because, notwithstanding Stano's contentions, we find the challenged aggravating circumstances to have been established beyond a reasonable doubt. In support of finding these murders to have been committed in a cold, calculated, and premeditated manner the trial court noted that Stano struck both women, thereby stunning them, to keep them from leaving the car, drove to isolated areas (seventeen and one-half miles in some twenty-five minutes and twenty miles in thirty-five to forty minutes in the respective cases), and then, after ordering the women to leave the car, strangled one and shot the other in the head. The trial court could discern no reason or justification for these murders and termed them "completely senseless." These murders show the *893 heightened premeditation needed to meet the test in Jent v. State, 408 So.2d 1024 (Fla. 1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982), and the trial court did not err in finding both crimes to have been committed in a cold, calculated, and premeditated manner. Compare Card v. State, 453 So.2d 17 (Fla. 1984) (Card injured victim, transported her to a secluded area, made her leave the car, and then cut her throat), and Jones v. State, 440 So.2d 570 (Fla. 1983) (killed totally without provocation).
The trial court's finding heinous, atrocious, or cruel in aggravation is also amply supported. Both women had been struck by Stano and then driven considerable distances. Each must have known what was going to happen to her. Stano argues that, after being struck, the women could have been too dazed to have contemplated their fates. In fact, however, each woman was conscious and left the car under her own power when told to do so. On the totality of the circumstances each of these cases meets the standard of State v. Dixon, 283 So.2d 1 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974), and supports a finding of heinous, atrocious, or cruel.
Stano also argues that the court's use of the same facts to support both of these aggravating circumstances is an improper doubling of these two factors. As we have discussed before, heinous, atrocious, or cruel pertains more to the nature of the killing and the surrounding circumstances while cold, calculated, and premeditated pertains more to state of mind, intent, and motivation. Mason v. State, 438 So.2d 374 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984). The facts of these cases support both of these aggravating circumstances. See Squires v. State, 450 So.2d 208 (Fla.), cert. denied, ___ U.S. ___, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984); Hill v. State, 422 So.2d 816 (Fla. 1982), cert. denied, 460 U.S. 1017, 103 S.Ct. 1262, 75 L.Ed.2d 488 (1983). These two circumstances have not been improperly doubled up, and we find no merit to this argument.
In these sentencing orders the trial court, relying on Sireci v. State, 399 So.2d 964 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982), stated: "While lack of remorse is in itself not an aggravating circumstance, it is a factor to be considered in determining" whether a homicide is heinous, atrocious, or cruel. In Sireci we stated:
While lack of remorse cannot constitute an aggravating circumstance, it can be offered to the jury and judge as a factor which goes into the equation of whether or not the crime was specially heinous, atrocious, or cruel.
Id. at 971. More recently, however, we revisited this issue and held that

henceforth lack of remorse should have no place in the consideration of aggravating factors. Any convincing evidence of remorse may properly be considered in mitigation of the sentence, but absence of remorse should not be weighed either as an aggravating factor nor as an enhancement of an aggravating factor.
Pope v. State, 441 So.2d 1073, 1078 (Fla. 1983) (emphasis supplied).
Stano now argues that the trial court's reliance on Sireci nullifies the finding of heinous, atrocious, or cruel. We disagree. The trial court did not find lack of remorse to be a nonstatutory aggravating circumstance; he merely used it to support a factor which is already amply supported by the record. We cannot fault the trial court for following a decision of this Court and for failing to second-guess this Court.
The facts also support the trial court's finding the 1975 murder to have been committed during a kidnapping. That woman tried to leave the car, but Stano struck her and locked the car doors. The trial court found her confinement not merely incidental to her murder. We find no merit to Stano's arguments on this point.
As his final challenge to the trial court's findings as to aggravating and mitigating *894 circumstances, Stano claims that the trial court erred in failing to find the statutory mitigating factors of being under the influence of extreme mental or emotional disturbance and impaired capacity to conform his conduct to the requirements of the law. § 921.141(6)(b), (f). Four psychiatrists and one psychologist reported to the court on Stano as to these factors. The parties stipulated that, if present, the psychologist would have testified that Stano had been under extreme mental disturbance and that his capacity to conform his conduct to the requirements of the law was substantially impaired. One of the psychiatrists testified that he had reached the same conclusions. The other three psychiatrists, on the other hand, testified that, in their opinion, Stano's capacity to conform his conduct to the requirements of the law was not substantially impaired. Two of these doctors also stated that Stano had not been under the influence of extreme mental or emotional disturbance,[1] while the third doctor said that he could not answer that question. After considering the testimony, reports, and arguments of counsel, the court refused to find these factors in mitigation.
Finding or not finding a specific mitigating circumstance applicable is within the trial court's domain, and reversal is not warranted simply because an appellant draws a different conclusion. Smith v. State, 407 So.2d 894 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2260, 72 L.Ed.2d 864 (1982). Moreover, it was the court's duty to resolve the conflicts here, and his determination should be final if it is supported by competent substantial evidence. Martin v. State, 420 So.2d 583 (Fla. 1982), cert. denied, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). The testimony relied on by the court is competent substantial evidence, and we find no error in the court's failure to find these mitigating circumstances applicable.
Prior to sentencing Stano filed a motion to preclude imposition of the death penalty, which the trial court denied. Pursuant to plea agreements, Stano had previously received sentences of life imprisonment for six other first-degree murders that he had pleaded guilty to.[2] He now argues that the
circumstances surrounding the murders in the instant case are no more persuasive to impose the ultimate sanction than were the circumstances surrounding the six (6) previously disposed of murders committed by Mr. Stano in Volusia County, as well as the three (3) convictions and life sentences arising from the Eighth Judicial Circuit.
Therefore, he claims that sentencing him to death for these two murders is disproportionate.[3] We disagree. There was no plea bargain regarding the sentences in the instant cases, and, after comparing these cases with other cases where death has been imposed, we find these sentences both proportionate and warranted.[4]Compare Mann v. State, 453 So.2d 784 (Fla. 1984) (abduction and killing without reason), and Jones v. State (no provocation, no justification).
In his last point on appeal Stano presents, in summary fashion, a grab bag *895 of challenges to the constitutionality of section 921.141, both on its face and as applied. As the state points out, and as Stano concedes, we have rejected these challenges in previous cases. We see no reason to reconsider them here and find this point to have no merit.
We affirm the adjudications of guilty of first-degree murder and the sentences of death.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[1] The trial court specifically adopted the testimony of these two doctors. Stano now claims that they used an incorrect standard in evaluating him, but our review of the record reveals that this is not so.
[2] Stano had previously confessed to a total of nine murders, but was charged with and sentenced for only six of them.
[3] In Pulley v. Harris, ___ U.S. ___, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984), the Supreme Court reversed Harris v. Pulley, 692 F.2d 1189 (9th Cir.1982). We therefore disregard Stano's reliance on the ninth circuit's opinion.
[4] If we did as Stano suggests and considered all of the murders Stano has confessed to together, we would be hard pressed to find anyone approaching Stano in number, senselessness, or lack of provocation or motive. Even John Ferguson's eight death sentences (Ferguson v. State, 417 So.2d 631 (Fla. 1982), and Ferguson v. State, 417 So.2d 639 (Fla. 1982)) pale in comparison to Stano's history because Ferguson committed all eight murders in only two episodes and at least had robbery and rape for motives.