473 So.2d 1282 (1985)
Gerald Eugene STANO, Appellant,
v.
STATE of Florida, Appellee.
No. 64687.
Supreme Court of Florida.
July 11, 1985.
Rehearing Denied September 4, 1985.
*1285 James B. Gibson, Public Defender and Christopher S. Quarles, Chief, Capital Appeals, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen. and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Gerald Stano appeals his conviction of first-degree murder and sentence of death. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution, and affirm both the conviction and sentence.
In 1981 Stano confessed to having killed a young woman in 1974, and a grand jury indicted him for first-degree murder. When the jury could not reach a unanimous verdict, the court declared a mistrial. On retrial the jury convicted Stano as charged and recommended the death penalty, which the trial court imposed.
Numerous members of the venire for the second trial had been exposed to publicity regarding Stano, the instant crime, and the first trial. At voir dire defense counsel asked one prospective juror how the pre-trial publicity would affect her deliberations if she were selected to serve, and she responded that she would "block it out." When defense counsel asked how she would do that, the court sustained the state's objection to that question. Stano now claims that the court improperly limited the scope of his voir dire. We disagree.
While "counsel must have an opportunity to ascertain latent or concealed prejudgments by prospective jurors," it is the trial court's responsibility to control unreasonably repetitious and argumentative voir dire. Jones v. State, 378 So.2d 797, 797-98 (Fla. 1st DCA 1979), cert. denied, 388 So.2d 1114 (Fla. 1980). The test for determining a juror's competency is whether that juror can lay aside any prejudice or bias and decide the case solely on the evidence presented and the instructions given. Davis v. State, 461 So.2d 67 (Fla. 1984); Lusk v. State, 446 So.2d 1038 (Fla.), cert. denied, ___ U.S. ___, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984). The prospective juror that Stano now complains about met that test, as did all those persons who eventually served on the jury. Stano has shown no abuse of discretion in the trial court's restriction of defense counsel's voir dire.
As his second point on appeal, Stano complains that the trial court improperly restricted his presentation of evidence at both the guilt and penalty phases of his trial. Stano's attorney proffered the testimony of a psychiatrist that certain people confess to crimes they did not commit and of a police officer to whom Stano had confessed a murder which he, Stano, did not commit. After hearing both sides' arguments, the trial court refused to allow the jury to hear this testimony.
In arguing to the court the state relied on three cases: Grove v. State, 211 Tenn. 448, 365 S.W.2d 871 (1963); Grove v. State, 185 Md. 476, 45 A.2d 348 (1946); and State v. Humphrey, 63 Or. 540, 128 P. 824 (1912). In Humphrey the Oregon Supreme Court held that a trial court properly refused to admit testimony regarding a defendant's false confession to several murders because that testimony would have confused the issue being tried and would have been unprofitable and irrelevant. In the Maryland Grove case the appellate court found that testimony about false confessions to other crimes would be irrelevant. The Tennessee Supreme Court reached the same conclusion in its Grove opinion.
To be relevant, and, therefore, admissible, evidence must prove or tend to prove a fact in issue. Coler v. State, 418 So.2d 238 (Fla. 1982), cert. denied, 459 U.S. 1127, 103 S.Ct. 763, 74 L.Ed.2d 978 (1983). Moreover, the person seeking admission of testimony must demonstrate its relevance. Hitchcock v. State, 413 So.2d 741 (Fla.), *1286 cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982). None of the defendants in Humphrey and the Grove cases could prove the relevance of the proffered testimony. Stano's proffer suffers from the same defect, i.e., a lack of demonstrated relevance. The fact that some people confess to crimes they did not commit is not evidence that Stano's confession in this case was infirm or tainted. There was no proffer of an opinion to such a contention, even though Stano's theory of defense was that he killed someone other than the alleged victim in this case.
Turning to the sentencing portion, a defendant should be allowed to introduce in mitigation any aspect of his character or record or any evidence regarding the circumstances of the offense that might justify less than a sentence of death. Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978); Perry v. State, 395 So.2d 170 (Fla. 1980). In other words, any relevant evidence as to a defendant's character or the circumstances of the crime is admissible at sentencing. Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982). Conversely, irrelevant evidence is inadmissible.
The testimony Stano sought to present at sentencing was irrelevant. The psychiatrist, who had not examined Stano, would have testified that some people confess to crimes they do not commit. The detective would have testified that Stano made a false confession to him. We fail to see (a) the relevancy of testimony not about Stano himself and (b) the relevancy and efficacy of telling the jury that Stano was a liar as well as a convicted murderer. A trial court's discretion extends to determining what is relevant evidence at sentencing, and a trial court's finding will not be disturbed unless an abuse of discretion is shown. Christopher v. State, 407 So.2d 198 (Fla. 1981), cert. denied, 456 U.S. 910, 102 S.Ct. 1761, 72 L.Ed.2d 169 (1982). Stano has demonstrated no abuse of discretion on this point.
The victim's parents testified at the first trial. Prior to the second trial, however, they stated that, because they were so upset, they would not testify again. The state filed a motion to compel their testimony, but the parents stated that they would not testify regardless of fines or imprisonment. The state then filed a motion of unavailability, and the parents reiterated that they would not testify and that sanctions would not induce them to testify. On the day trial was to begin, the state renewed its motion of unavailability. The parents, who were in the courtroom, again refused to testify. After holding a hearing on the matter, the trial court declared them unavailable and allowed the state to read the transcripts of their testimony at the first trial into evidence. Stano now claims that the court erred in declaring these people unavailable and in allowing their former testimony into evidence.
Subsection 90.804(1)(b), Florida Statutes (1983), provides that a witness is unavailable if he "[p]ersists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so." At the hearing immediately prior to trial the parents adamantly refused to testify and persisted in that refusal even when told by the court that their continued refusal could subject them to fines or imprisonment. The requirements of subsection 90.804(1)(b) have been met here. We see no purpose that would have been served in this instance in, as Stano argues, calling these people at trial to have them reiterate their refusal to testify or in actually fining or imprisoning them. The state made an adequate showing of unavailability, and we find no abuse of discretion in the trial court's rulings. See Outlaw v. State, 269 So.2d 403 (Fla. 4th DCA 1972), cert. denied, 273 So.2d 80 (Fla. 1973).
To set the scene for reading into the record the prior testimony of the victim's parents, a deputy court clerk testified that they had testified at the first trial and authenticated the exhibits that had been introduced through their testimony. The court reporter then read the parents' former testimony into the record. The court overruled the defense's objections to this procedure.
*1287 Stano now claims that allowing the deputy clerk to testify violated the rule of witness sequestration and also resulted in a loss of the trial court's appearance of impartiality. Excluding persons from the rule of sequestration is within a trial court's discretion, West v. State, 149 Fla. 436, 6 So.2d 7 (1942), and Stano has demonstrated no abuse of discretion or any prejudice here. Moreover, it appears that the deputy clerk's testimony performed a purely administrative function. As such, it did not impinge upon the trial court's appearance of impropriety. We therefore find no merit to this point.
When found, the victim's body was in an advanced state of decomposition. At trial her former dentist identified the victim's skull through her dental records. He had not, however, seen her for a number of years, and, in fact, the last dental charts he had made of his former patient showed twelve baby teeth. On the other hand, the five amalgam restorations (fillings) present in the victim's first four permanent molars exactly matched the dental charts and the material the dentist used for restorations at that time. The dentist testified that, based on his dental expertise, the victim was his former patient.
The court overruled the defense's objection to the dentist's identification of the victim. Stano now argues that the dentist testified to an ultimate fact beyond his expertise and qualifications and that his testimony denied him a fair trial. We disagree.
An expert's opinion must be based on facts in evidence or within his knowledge. Cirack v. State, 201 So.2d 706 (Fla. 1967). The dentist's testimony meets this standard, and he identified the victim to a reasonable medical certainty. See Stone v. State, 378 So.2d 765 (Fla. 1979), cert. denied, 449 U.S. 986, 101 S.Ct. 407, 66 L.Ed.2d 250 (1980). A trial court has wide discretion concerning the admissibility of evidence and the subjects about which an expert can testify. Jent v. State, 408 So.2d 1024 (Fla. 1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982). Stano has shown no abuse of discretion here.
At trial Stano moved for a judgment of acquittal, claiming that the state's evidence failed to prove the corpus delicti with respect to the criminal agency of another being the cause of the victim's death. The court denied the motion, and Stano now argues that the trial court erred in doing so.
There are three elements to the corpus delicti of a homicide: 1) The fact of death; 2) the criminal agency of another; and 3) the identity of the victim. Bassett v. State, 449 So.2d 803 (Fla. 1984); Stone v. State. Proof of the corpus delicti beyond a reasonable doubt is not necessary, Bassett, nor is the state "obligated to rebut conclusively every possible variation ... or to explain every possible construction in a way which is consistent only with the allegations against the defendant." State v. Allen, 335 So.2d 823, 826 (Fla. 1976).
The state produced substantial evidence to support establishing the corpus delicti. Although he could not pinpoint a cause of death, the medical examiner ruled out natural causes. Hunters found the teenage victim's body covered with palm fronds in a ditch near a dirt road in a remote and heavily overgrown area thirty miles from her home. A police investigator testified that, in his opinion, the palm fronds had been arranged over the body deliberately. Finally, the details Stano mentioned in his confession correlate well with the crime scene and the physical appearance of the victim and her belongings. We hold, therefore, that the state produced sufficient evidence to establish the victim's death through the criminal agency of another person.
As his final challenge to the guilt phase of his trial, Stano argues that the trial court violated his constitutional right to be present at all stages of the trial by conducting portions of the trial outside his presence. The first instance occurred at a status conference prior to his first trial, and the second occurred during a communication *1288 with the jury. After examining the record, we find no reversible error.
The state presented two motions at the status conference. In the first the state asked that the defense be compelled to disclose the addresses of two potential defense witnesses. The court's granting this motion was a purely ministerial act and does not constitute error. Additionally, these witnesses did not testify at the second trial, so there is simply no way Stano's absence caused him any prejudice. In the second motion the state requested that Stano be compelled to undergo a psychiatric examination to determine his capacity to appreciate the criminality of his conduct. The court specifically deferred ruling on this motion because of Stano's absence. The court's action demonstrates a scrupulous concern for Stano's rights, and we find no error here. We therefore find this status conference to have been a noncritical stage of the trial as defined by Florida Rule of Criminal Procedure 3.180 and that the court did not err by ruling during Stano's involuntary absence. See Herzog v. State, 439 So.2d 1372 (Fla. 1983).
While deliberating, Stano's second jury requested a tape player, a list of the evidence, and a color photograph. Defense counsel waived Stano's presence while the judge answered the request. Stano now claims that every stage of a trial is a crucial stage and that a defendant must be present at each. We disagree and find Stano's reliance on Ivory v. State, 351 So.2d 26 (Fla. 1977), misplaced.
In Ivory we stated: "Any communication with the jury outside the presence of the prosecutor, the defendant, and the defendant's counsel is so fraught with potential prejudice that it cannot be considered harmless." Id. at 28. Here, however, both the prosecutor and defense counsel were present. In view of the lack of an objection to the court's answering the request, and in view of defense counsel's waiver of Stano's presence, we find any error, if indeed there be any here, to be harmless beyond a reasonable doubt, at the worst.
Florida Rule of Appellate Procedure 9.140(f) directs us to review the evidence when a defendant is sentenced to death regardless of whether insufficiency of the evidence is an issue on appeal. After reviewing this record, we find the conviction to be supported by competent, substantial evidence. We therefore affirm Stano's conviction of first-degree murder.
Stano testified in his own behalf at the sentencing proceeding. On cross-examination the state asked him about his previous convictions and whether he planned to attack his former attorney's performance in a collateral proceeding. The state also argued to the jury that it needed to return an appeal-proof sentence. Stano now claims that the cross-examination and argument deprived him of his constitutional rights to due process and a fair trial.
The control of cross-examination is within a trial court's discretion, and wide latitude should be permitted in cross-examining a witness. Louette v. State, 152 Fla. 495, 12 So.2d 168 (1943). The same is true regarding prosecutorial comments. Teffeteller v. State, 439 So.2d 840 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1430, 79 L.Ed.2d 754 (1984); Breedlove v. State, 413 So.2d 1 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982). Stano has demonstrated no abuse of discretion in the trial court's allowing the state's cross-examination. Additionally, he has not shown the prosecutor's argument to be so inflammatory as to produce a more severe sentence than otherwise would have been recommended. See Mason v. State, 438 So.2d 374 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984). In any event we find the prosecutor's argument to have been harmless beyond a reasonable doubt. State v. Murray, 443 So.2d 955 (Fla. 1984).
During the sentencing phase, the state introduced evidence regarding Stano's eight prior convictions of first-degree murder to support finding prior conviction of violent felony in aggravation. Stano now argues that this evidence improperly became a feature of the sentencing proceeding. After examining the record, we disagree.
*1289 In Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), this Court held that similar fact evidence regarding collateral crimes can be admissible. Such evidence of unrelated crimes, however, cannot be made a feature of the trial. Williams v. State, 117 So.2d 473 (Fla. 1960). In a sentencing proceeding the state may introduce testimony as to the circumstances of a prior conviction, rather than just the bare fact of that conviction. Mann v. State, 453 So.2d 784 (Fla. 1984), cert. denied, ___ U.S. ___, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985); Elledge v. State, 346 So.2d 998 (Fla. 1977).
One person with eight prior convictions of first-degree murder presents an unusual situation. Stano v. State, 460 So.2d 890, 894 n. 4 (Fla. 1984). Considering the totality of the circumstances, we find that the trial judge did not abuse his discretion in allowing into evidence details of these other homicides. The state's argument about these other crimes approached the outermost limits of propriety, but we conclude that neither this evidence nor the argument about it was so egregious as to warrant reversal.
In sentencing Stano to death the trial court found the following aggravating circumstances: prior conviction of violent felony; committed while engaged in a kidnapping; heinous, atrocious, or cruel; and committed in a cold, calculated, and premeditated manner. The trial court found that no statutory or nonstatutory mitigating circumstances existed. Stano now argues that the court erred in finding the last three aggravating factors and in not finding numerous statutory and nonstatutory mitigating factors.
After examining this record and after comparing it with other death sentence cases, we hold that the trial court's findings are adequately supported. Picking up the teenage victim, striking her to keep her quiet, and driving her a considerable distance to a remote and desolate location support finding that Stano kidnapped her. Compare Stano, 460 So.2d at 893 (similar situation). These events, when coupled with Stano's confession to a fellow inmate that he alternately choked and revived the victim and stabbed her numerous times, support finding the murder to have been heinous, atrocious, or cruel. We have previously held that the cold, calculated, and premeditated aggravating factor can be applied to homicides committed prior to its adoption. Justus v. State, 438 So.2d 358 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1332, 79 L.Ed.2d 726 (1984). The circumstances surrounding this killing adequately demonstrate that Stano had the state of mind, intent, and motivation necessary to finding that he killed the victim in a cold, calculated, and premeditated manner. Mason.
The decision as to whether or not mitigating circumstances have been established is within the trial court's domain, and such decision will not be reversed simply because an appellant draws a different conclusion. Stano; Smith v. State, 407 So.2d 894 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2260, 72 L.Ed.2d 864 (1982). The trial judge here properly resolved the conflicts in the evidence, and his findings are supported by competent substantial evidence. Stano; Martin v. State, 420 So.2d 583 (Fla. 1982), cert. denied, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). We therefore hold that the trial court did not err by failing to find anything in mitigation.
As his last point on appeal, Stano presents numerous challenges to the constitutionality of the death penalty. He concedes that all of these points have been presented to and rejected by this Court on numerous occasions. We see no reason to revisit these claims here.
Therefore, we affirm both Stano's conviction of first-degree murder and sentence of death.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.