497 So.2d 1185 (1986)
Gerald Eugene STANO, Appellant,
v.
STATE of Florida, Appellee.
No. 68982.
Supreme Court of Florida.
October 16, 1986.
Rehearing Denied December 22, 1986.
Larry Helm Spalding, Capital Collateral Representative, and Mark Evan Olive, Litigation *1186 Director, Office of the Capital Collateral Representative, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Stano, a Florida prisoner for whom a death warrant has been signed, appeals the trial court's denial of his motion for post-conviction relief. We have jurisdiction. Fla.R.Crim.P. 3.850. We affirm the trial court's denial of relief and vacate the stay of execution that we previously granted.
Stano has a lengthy history in this state's courts. The death warrant which prompted these proceedings is based on his conviction at trial of one count of first-degree murder and sentence of death, which this Court affirmed. Stano v. State, 473 So.2d 1282 (Fla. 1985), cert. denied, ___ U.S. ___, 106 S.Ct. 869, 88 L.Ed.2d 907 (1986). Stano is also under two more sentences of death for two murders to which he pleaded guilty and which this Court also affirmed. Stano v. State, 460 So.2d 890 (Fla. 1984), cert. denied, 471 U.S. 1111, 105 S.Ct. 2347, 85 L.Ed.2d 863 (1985). Moreover, Stano has pleaded guilty to six other counts of first-degree murder for which he received consecutive terms of life imprisonment with no possibility of parole for twenty-five years. These last six guilty pleas are central to Stano's 3.850 motion.[1]
Stano raised six points in that motion: 1) confessions which led to the six prior guilty pleas, introduced as aggravating evidence at the trial which ultimately resulted in Stano's death warrant, were coerced; 2) the state improperly withheld exculpatory evidence (i.e., that the confessions leading to the prior guilty pleas were coerced) from Stano's trial counsel; 3) ineffectiveness of trial counsel for failure to cross-examine a state's witness adequatley; 4) ineffectiveness of trial counsel for failure to object to the state's cross-examination of Stano during the sentencing proceeding; 5) two psychiatrists should not have been allowed to testify for the state at sentencing as to the statutory mitigating circumstances; and 6) the incompetency of the defense's expert who made a psychological study of Stano. Stano's current counsel filed this 3.850 motion less than twenty-four hours prior to Stano's scheduled execution.[2] The trial court immediately heard the parties as to whether the motion stated facts sufficient to warrant holding an evidentiary hearing on the allegations.
At that hearing, Stano's counsel argued that he needed more time to do more investigating and to secure the presence of witnesses. The state's representative said that he could not oppose the motion for continuance, "not because of the merits of what they [Stano's counsel] had to argue, but because of their failure to commence their work timely and permit this [trial] court to do its work timely." The trial court commented that most of the matters in the 3.850 motion were covered by evidence that had been presented to the trial court previously and that the new material consisted primarily of allegations of unfounded improprieties, some letters written by Stano confessing to miscellaneous other murders, a defense psychiatric evaluation previously not released to the court indicating that Stano confessed to that doctor murdering the victim for which he was tried, and copies of articles written after Stano's prior confessions. The court then stated that these matters had been previously ruled on, could have been presented on appeal, "or contained allegations which *1187 would constitute inadmissible evidence or attempt to invade the province of the jury or the finders of fact about comment or opinion on the evidence presented, or relate to matters that are not material to the consideration of this Court."
The trial court concluded that ineffectiveness of counsel was the only cognizable claim presented in the 3.850 motion. The court went on to note the presence of three witnesses who could directly address this issue, i.e., Stano and his trial attorneys (Russo and Friedland),[3] and asked if either Stano or the state wished to present those witnesses as to the claims of ineffectiveness. Stano's current counsel asked to proffer the live testimony of witnesses other than Stano and his former attorneys to establish trial counsel's substandard performance.[4] He also asked for time to secure those witnesses' presence and stated: "Judge, we can't present the claim, unless you order us to, of ineffective assistance of counsel at this time." The state indicated that it was ready to proceed with those persons present in the courtroom, stating: "If the defense counsel evaluated and made a tactical choice, the case law is clear on the state and federal level, that that will not be the predicate for ineffective assistance of counsel." Stano's counsel then argued again for more time. The court responded: "I understand what defense counsel means by proffer, those are things that are in the motion and have been presented by motion and should have been presented by motion." The court then denied the proffer of live witnesses other than those present and continued: "I'm now sitting here with defense counsel indicating that they will proceed, although reluctantly, but concede to me that if they do, they can't prevail." Under those circumstances the court considered it foolish to proceed and denied the 3.850 motion. He granted a stay until 10:00 a.m. July 2, in order for the parties to come to this Court, and refused to hear anything more from Stano's counsel.
On appeal Stano claims that the files and records do not show conclusively that he was not entitled to relief and that the trial court, therefore, erred by not conducting an evidentiary hearing on the claimed ineffectiveness. Furthermore, Stano claims the trial court also erred by attempting to limit the evidentiary hearing to effectiveness of counsel. We disagree. The court properly ruled that most of the instant issues were ruled on previously or could have been presented on appeal. He also held that some of the allegations were simply not cognizable.
We agree that ineffectiveness was the only matter which might have required a hearing. The state indicated its willingness to proceed with such an evidentiary hearing because of the presence of the main witnesses as to ineffectiveness, the defendant and his former counsel. Stano's current counsel, however, maintained that the "allegations of effective assistance of counsel have not and could never be resolved upon the basis of the attorneys' testimony." Contrary to this contention, former counsel frequently testify as to their past performance at trial. See, e.g., Strickland v. Washington, 466 U.S. 668, 678, 104 S.Ct. 2052, 2060, 80 L.Ed.2d 674 (1984); Tafero v. State, 459 So.2d 1034, 1036 (Fla. 1984).
Trial courts should grant evidentiary hearings on 3.850 motions when warranted. Porter v. State, 478 So.2d 33 (Fla. 1985). By his words to and actions before the trial court, it appears that that court correctly concluded that counsel felt he could not prevail in an evidentiary hearing regarding ineffectiveness. Holding such a hearing, therefore, obviously was not warranted. We find no error in the trial court's ultimate determination that an evidentiary hearing should not be held.
*1188 We affirm the trial court's order and vacate our previously entered stay of execution.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD and OVERTON, JJ., concur.
EHRLICH, SHAW and BARKETT, JJ., dissent.
NOTES
[1] Stano claims that the six guilty pleas were unreliable because his then-attorney (Jacobson) colluded with a police detective (Crow) and Stano's psychologist (McMillan) who coerced his confessions for their own personal and professional gain. These confessions were the primary predicate for the guilty pleas.
[2] The trial court, anticipating a 3.850 hearing and realizing that time is of the essence after a death warrant is signed, made numerous telephone calls to Stano's current counsel urging an earlier filing and had previously reserved time for such a hearing. Current counsel failed to comply with the trial court's requests for timely handling of this case.
[3] In anticipation of the 3.850 hearing the trial court had summoned Stano's two trial attorneys and had arranged for Stano to be present.
[4] The first prong of the test for ineffectiveness from Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The second part of that test is prejudice.