524 So.2d 1018 (1988)
Gerald Eugene STANO, Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
No. 72403.
Supreme Court of Florida.
May 16, 1988.
Larry Helm Spalding, Capital Collateral Representative and Lissa J. Gardner, Staff Atty., Office of the Capital Collateral Representative, and Mark Evan Olive, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Margene A. Roper and Belle B. Turner, Asst. Attys. Gen., Daytona Beach, for respondent.
PER CURIAM.
Stano, currently under a death warrant, petitions the Court for a writ of habeas corpus and requests a stay of execution. We have jurisdiction pursuant to article V, section 3(b)(9), Florida Constitution, and deny both the petition and the requested stay.
Stano pled guilty to two counts of first-degree murder and waived sentencing before a jury. The trial court imposed two death sentences, which this Court affirmed. Stano v. State, 460 So.2d 890 (Fla. 1984), cert. denied, 471 U.S. 1111, 105 S.Ct. 2347, 85 L.Ed.2d 863 (1985). In 1986 the governor signed Stano's death warrant, and Stano filed a motion for postconviction relief. The trial court stayed the execution, but, later, denied relief. We affirmed that denial. Stano v. State, 520 So.2d 278 (Fla. 1988). The governor recently signed another warrant on Stano, prompting the instant petition.
Stano first claims that the circumstances surrounding his guilty pleas violated his constitutional rights and that the trial court did not provide a record that conclusively shows that Stano knowingly, intelligently, and voluntarily waived his right to trial. In reality these issues boil down to a complaint about the voluntariness of Stano's guilty pleas and trial counsel's *1019 effectiveness regarding these pleas. This Court, however, has considered these issues previously. On direct appeal we stated and held: "Moreover, although not raised on appeal, we find a competent basis for the trial court's acceptance of Stano's guilty pleas and the adjudications of guilt." 460 So.2d at 892. Additionally, on appeal of denial of the postconviction motion, we studied the record again and agreed with the trial court that counsel had rendered effective assistance. We also agreed with the trial court that Stano was barred from attacking events before entry of the pleas because "there was a competent basis for the trial court's acceptance of Stano's guilty pleas and because it is clear that Stano's guilty pleas were freely and voluntarily given, without any duress." 520 So.2d at 280. Later in the postconviction opinion we reiterated these results of our study of the record: "The record also demonstrates that Stano made his guilty pleas freely and voluntarily after discussions with trial counsel and that Stano had no questions to ask counsel before he pled guilty." Id. Because we have previously considered these first two issues, we find them to have been raised improperly in this petition.
In his third claim Stano argues that the trial court erred in considering the PSI report. We have previously found trial counsel not to have been ineffective for failing to preclude consideration of the PSI. 520 So.2d at 281. Moreover, the PSI supports the nonstatutory mitigating circumstances found by the trial court (Stano's childhood and marital difficulties and the fact that he confessed and pled guilty). See 460 So.2d at 892. Current counsel argues that the trial court's statements regarding the limited purpose of its consideration of the PSI were not adequate to offset what he contends to be improper information about Stano in the report. We find neither Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), nor Booth v. Maryland, ___ U.S. ___, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), demonstrate fundamental error which would provide habeas relief on this issue.
As his fourth claim, Stano argues that subsection 921.141(5)(i), Florida Statutes (1979), the cold, calculated, and premeditated aggravating factor, should not be applied retroactively. We disposed of this claim adversely to this contention in Combs v. State, 403 So.2d 418 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2258, 72 L.Ed.2d 862 (1982), and have not receded from that position. We also conclude that, even if this aggravating circumstance were eliminated from consideration, there would be no reasonable probability that the elimination of this aggravating factor would change the sentence of Stano. We note the elimination of this aggravating factor changes no facts and circumstances that were before the judge. We reject the claim that Miller v. Florida, ___ U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), is controlling under the circumstances of this case.
Stano's last claim is that appellate counsel rendered ineffective assistance by not raising the first four claims. As discussed above, we considered the circumstances surrounding Stano's guilty plea on both the direct and postconviction appeals and found no error. Stano, therefore, cannot establish prejudice, the second part of the test for ineffectiveness set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
We find no merit in the remaining claims of the petitioner. Finding no basis for relief presented by this petition, we deny the petition for writ of habeas corpus and refuse to grant a stay of execution.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NO MOTION FOR REHEARING WILL BE ALLOWED.