691 So.2d 481 (1997)
Leo Alexander JONES, Petitioner,
v.
Robert BUTTERWORTH, etc., et al., Respondents.
No. 90231.
Supreme Court of Florida.
April 10, 1997.
Martin J. McClain, Litigation Director, Office of the Capital Collateral Representative, Tallahassee, for Petitioner.
Robert A. Butterworth, Attorney General, Richard B. Martell, Chief, Capital Appeals and Curtis M. French, Assistant Attorney General, Tallahassee, for Respondents.

ORDER
We address the Petition Seeking to Invoke this Court's All Writs Jurisdiction as follows:
*482 1. The claim that execution by electrocution is unconstitutional per se is hereby denied as procedurally barred as it could have been raised in previous petitions for relief. Even if the claim were not procedurally barred, we would deny it on the merits.
2. Due to the fact that flames have erupted on two occasions during electrocutions conducted in Florida's electric chair, we hereby relinquish jurisdiction to the trial court which is presiding over petitioner's postconviction proceedings to conduct an evidentiary hearing on the petitioner's claim that electrocution in Florida's electric chair in its present condition is cruel or unusual punishment. The court may receive the testimony of engineering and medical experts and such other witnesses as may be presented by the parties, and shall make its decision as expeditiously as possible.
3. In order to provide the time necessary for such hearing, petitioner's execution is hereby stayed until April 18, 1997, at 7 a.m. In the event additional time is required to reasonably conduct said hearing and render the decision, the trial court may further stay petitioner's execution. If at the conclusion of the hearing the court shall find by the greater weight of the evidence that electrocution in Florida's electric chair in its present condition is cruel or unusual punishment, the court shall further stay the execution; otherwise, the court shall deny the claim and dissolve any stay that court may have previously entered.
4. The hearing shall be de novo rather than a review of any determination which may be made by the Governor. However, in the event the Governor stays the execution, the hearing shall be postponed until the execution is rescheduled.
OVERTON, GRIMES, HARDING and WELLS, JJ., concur.
SHAW, J., concurs in part and dissents in part with an opinion, in which KOGAN, C.J., and ANSTEAD, J., concur.
NO MOTION FOR REHEARING WILL BE ALLOWED.
SHAW, Justice, concurring in part, dissenting in part.
I agree that an evidentiary hearing is necessary, but I would not unduly restrict the scope of the hearing. The trial court should be free to accept all relevant evidence relating to Jones's claim that his execution by electrocution constitutes cruel or unusual punishment in light of the entire record past and presentof this form of execution in Florida. Further, given the seriousness of this task, I would not place the trial court under any short-term time constraints, but rather would grant an indefinite stay. This situation is of grave societal concern and goes to the very heart of our constitutionit does not call for a quick-fix.
KOGAN, C.J., and ANSTEAD, J., concur.