692 So.2d 180 (1997)
Gerald Eugene STANO, Petitioner,
v.
Harry SINGLETARY, Respondent.
No. 90230.
Supreme Court of Florida.
April 23, 1997.
Upon consideration of the Notice of Inability to Accept Representation of Person Under Sentence of Death, this Court expressly recognizes the Office of the Capital Collateral *181 Representative as counsel for Gerald Eugene Stano.
The motion for stay of execution on the issue concerning the electric chair is treated as an extraordinary writ and consolidated as to that issue only with Jones v. Butterworth, Case No. 90,231, ___ So.2d ___ [1997 WL 269335] (Fla.1997). These consolidated cases are set for oral argument on Tuesday, May 6, 1997 at 9:00 a.m.
Petitioner shall have until 5:00 p.m. Monday, April 28, 1997, to file a brief on this issue, and respondent shall have until 12:00 noon on Friday, May 2,1997, to file any brief in response. No reply brief shall be filed.
The execution of Gerald Eugene Stano is stayed until May 30, 1997, and the Office of the Capital Collateral Representative is directed to file in the trial court any postconviction motions available to Stano by May 9, 1997. The trial court shall then hear any argument and enter orders with respect to any motions by 5:00 p.m. on May 16, 1997.
OVERTON, GRIMES, HARDING and WELLS, JJ., concur.
ANSTEAD, J., concurs in part and dissents in part with an opinion in which KOGAN, C.J., and SHAW, J., concur.
ANSTEAD, Justice, concurring and dissenting.
I concur that a stay must be entered in this case corresponding with the stay this Court has entered in the Leo Jones case. However, I disagree with the majority's continued refusal to recognize the undisputed and documented conflict in this case and to force counsel to represent Stano over both Stano's and counsel's assertions of conflict, and counsel's admission that counsel "is unable to provide meaningful or effective assistance of counsel to Gerald Stano in the Circuit Court of Brevard County."
Indeed, the Attorney General continues to remind us that "the State also maintains that no court has ever specifically relieved Attorney Mark Olive from representation of Stano in regard to this conviction and sentence." While the majority may well have the option of considering sanctions against counsel based on its perception of counsel's representations being uttered in bad faith, it goes too far when it ignores its continuing obligation to provide this death-sentenced defendant with competent and conflict-free counsel prior to the defendant's execution.
KOGAN, C.J., and SHAW, J., concur.