786 So.2d 1275 (2001)
Hytham ALKANAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3143.
District Court of Appeal of Florida, Fourth District.
June 20, 2001.
Richard F. Della Fera of Entin, Margules and Della Fera, P.A., Fort Lauderdale, for appellant.
No appearance required for appellee.
PER CURIAM.
Appellant, Hytham Alkanan, appeals the denial of his petition for writ of error coram nobis. He claimed that he did not understand the immigration consequences of his 1991 plea to drug charges and alleged newly discovered evidence that his fiancee (now wife) planted the drugs. He had completed his probationary term and was in the custody of the Immigration and Naturalization Service when he filed the petition.
Because Alkanan's petition was filed after Florida Rule of Criminal Procedure 3.850 was amended by Wood v. State, 750 So.2d 592 (Fla.1999), to allow non-custodial defendants to seek post-conviction relief, he was required to comply with that rule. His petition was legally insufficient because it was unsworn and omitted information required by rule 3.850(c).
Even if Alkanan had filed a legally sufficient post-conviction motion, his first allegation was conclusively disproved by the pages from the transcript of his change of plea hearing that he attached. The transcript shows that despite the trial court's warnings that no promises could be made about his immigration status, he chose to believe that he could not be deported for his crime. The source of that misinformation was a family friend who was not involved in the criminal proceedings. Misinformation provided by a third party is not a reason to vacate a plea, especially where it was expressly disavowed by the court. We affirm the decision on that claim.
*1276 Alkanan's newly discovered evidence claim was rejected because he did not allege or prove due diligence. See Stano v. State, 708 So.2d 271, 275 (Fla.1998)("In order to qualify as newly discovered evidence, `the asserted facts must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known them by the use of diligence.'"). We affirm the denial of relief on this ground, but do so without prejudice to file a sworn, legally sufficient post-conviction motion that includes an explanation of why this information could not have been discovered through the exercise of due diligence. Any such motion must be filed in the trial court no later than thirty days from the issuance of the mandate in this appeal.
STONE, GROSS, and HAZOURI, JJ., concur.