459 So.2d 1034 (1984)
Jessie Joseph TAFERO, Appellant,
v.
STATE of Florida, Appellee.
No. 66156.
Supreme Court of Florida.
November 21, 1984.
*1035 Marc Cooper and Sharon L. Wolfe of Greene & Cooper, Miami, and Geoffrey C. Fleck of Weiner, Robbins, Tunkey & Ross, Miami, for appellant.
Jim Smith, Atty. Gen., and Joy B. Shearer and Penny H. Brill, Asst. Attys. Gen., West Palm Beach, for appellee.
PER CURIAM.
A jury convicted Tafero of two counts of first-degree murder, the trial court sentenced him to death for each homicide, and this Court affirmed the convictions and sentences. Tafero v. State, 403 So.2d 355 (Fla. 1981), cert. denied, 455 U.S. 983, 102 S.Ct. 1492, 71 L.Ed.2d 694 (1982). Tafero later petitioned the Court for permission to file a writ of error coram nobis, alleging newly discovered evidence, which we denied. Tafero v. State, 440 So.2d 350 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1456, 79 L.Ed.2d 773 (1984). The governor recently signed a death warrant on Tafero, effective for the week of November 23 through November 30, 1984. Tafero then filed motions to vacate his judgment and sentence and for a stay of execution. After a two-day evidentiary hearing, the trial court denied the motions, and Tafero now appeals to this Court. We affirm the trial court's orders.
As his first point on appeal, Tafero claims that his death sentences violate the eighth amendment per Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3386, 73 L.Ed.2d 1140 (1982), because his jury did not specifically find that he killed anyone, attempted to kill anyone, or intended that anyone be killed. To start, we find Enmund to be such a change in the law as to be cognizable in post-conviction proceedings under Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). Turning to the merits, however, we find that no relief is warranted.
Tafero relies on Bullock v. Lucas, 743 F.2d 244 (5th Cir.1984), Jones v. Thigpen, 741 F.2d 805 (5th Cir.1984), and Reddix v. Thigpen, 728 F.2d 705 (5th Cir.), clarified on rehearing, 732 F.2d 494 (5th Cir.1984), to support this point, but we find these cases inapposite here. We find no merit to Tafero's argument that, because the felony-murder instruction given to his jury does not conform to Enmund and that because the jury could have convicted him of either premeditated or felony murder, the general verdict rendered by the jury *1036 requires a new sentencing hearing. The cases cited by Tafero all deal with true felony murders. Here, on the other hand, the state charged Tafero with two counts of first-degree premeditated murder, and the jury found him guilty as charged. On appeal we stated: "The evidence shows beyond a reasonable doubt that Tafero is guilty of the premeditated murder of both Irwin and Black." 403 So.2d at 359.
We see no reason to alter this observation. The jury, as was its right, obviously believed the testimony of the state's chief witness, Rhodes, that Tafero and Jacobs did all the shooting, rather than Tafero's theory of defense that Rhodes shot the victims. We reject Tafero's claim that this verdict may have rested on insufficient grounds and that Zant v. Stephens, 462 U.S. 862, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983), requires vacating his death sentence.
In his motion to vacate Tafero cited numerous incidents which, he claimed, demonstrate his counsel's ineffectiveness during both the guilt and penalty stages of his trial. By denying that motion the trial court obviously found Tafero's trial counsel not to have been ineffective. Tafero urges that the trial court erred on this point.
We disagree. Tafero's trial counsel testified at the evidentiary hearing and explained why he had or had not done the acts complained about. His testimony establishes that defense counsel's performance resulted from considered deliberation and performance and was based on tactical decisions. Tafero's claims do not meet the requirements of Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because he has not shown less than professionally competent assistance and prejudice due to his counsel's performance.
As an aggravating factor, the trial court found that Tafero had previously been convicted of a violent felony. Tafero asserts that another person later confessed to the crimes underlying this aggravating factor and that, therefore, he is entitled to resentencing because the court should have found a lack of previous criminal history in mitigation. In 1979 Tafero brought these confessions to a trial court as newly discovered evidence. The trial court found "that neither the third party confessor nor the third party witness was worthy of belief," and the district court affirmed the denial of Tafero's motion to vacate. Tafero v. State, 406 So.2d 89, 93 n. 9 (Fla. 3d DCA 1981).
At the instant evidentiary hearing Tafero's trial counsel admitted knowing about this alleged confession and stated that he did not introduce it at sentencing because doing so would have allowed the state to delve into the incidents. This claim, therefore, does not constitute newly discovered evidence. Tafero's counsel's tactical decision not to bring up this matter does not constitute ineffective assistance of counsel, and we hold that Tafero waived introducing this confession. Applying the cause and prejudice rule of Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), to this state procedural default, we find that Tafero has demonstrated only the possibility, rather than the actuality, of prejudice. See Ford v. Strickland, 696 F.2d 804 (11th Cir.), cert. denied, ___ U.S. ___, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983). We therefore reject this claim.
Tafero also makes a double claim regarding the alleged improper restriction of the jury's consideration of mitigating evidence. First, in spite of this claim having been previously decided (Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976); Ford v. Strickland; Spinkellink v. Wainwright, 578 F.2d 582 (5th Cir.1978), cert. denied, 440 U.S. 976, 99 S.Ct. 1548, 59 S.Ct. 796 (1979)), he argues that the jury instruction improperly restricted mitigating evidence to those circumstances listed in the statute. Tafero could and should have raised this point on appeal, and his failure to do so precludes making this claim now.
As the second part of this claim, Tafero argues that the trial court's belief that only statutory mitigating circumstances could be considered requires resentencing *1037 before a more enlightened judge. Again, the cause and prejudice test of Wainwright v. Sykes has not been met because the defense presented nothing, either statutory or nonstatutory, in mitigation. Conjecture about what the court might have done if presented with nonstatutory mitigating evidence is merely that  conjecture. When coupled with trial counsel's statement that he believed he could introduce nonstatutory mitigating evidence, the hypothetical failure to consider the testimony that Tafero now urges as being crucial does not create a substantial likelihood of actual and substantial prejudice. Ford v. Strickland.
Tafero had two accomplices in these murders. One, Rhodes, pleaded guilty and received several life sentences and testified against the others at their trials. The second, Jacobs, was convicted and sentenced to death in spite of the jury's recommendation of life imprisonment. Finding that the trial court should have followed the jury's recommendation, we reduced her sentence on appeal. Jacobs v. State, 396 So.2d 713 (Fla. 1981).
Tafero now claims that his death sentences are arbitrary and capricious in light of his accomplices' sentences. We discussed the proportionality of these three persons' sentences in Tafero's and Jacobs' appeals. 403 So.2d at 362; 396 So.2d at 718. This claim is, therefore, improperly brought on this appeal.
As a final argument, Tafero alleges that Florida's death penalty has been unconstitutionally imposed on the basis of race and sex. Starting with Spinkellink v. Wainwright, this claim has been rejected numerous times. E.g., Martin v. State, 455 So.2d 370 (Fla. 1984); Jackson v. State, 452 So.2d 533 (Fla. 1984); Adams v. State, 449 So.2d 819 (Fla. 1984). We refuse to reconsider the issue here.
We hold that the trial court properly denied Tafero's motions to vacate and to stay execution and affirm the trial court's orders. We deny his motion for stay of execution in this Court. No petition for rehearing will be entertained.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.