**William "Billy" MITCHELL,
Petitioner-Appellant,**

v.

**Ralph KEMP, Superintendent Georgia Diagnostic and Classification Center; and Michael Bowers, Attorney General, State of Georgia, Respondents-Appellees.**

No. 87–8665.

United States Court of Appeals,
Eleventh Circuit.

Aug. 31, 1987.

Stay Denied and Certiorari
Denied Sept. 1, 1987.

Sharon E. Dougherty, Augusta, Ga., George H. Kendall, III, Atlanta, Ga., Julius L. Chambers, NAACP Legal Defense Fund, Inc., James M. Nabrit, III, Richard H. Burr, III, New York City, for petitioner-appellant.

Michael A. Bowers, Atty. Gen. of Ga., Susan Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondents-appellees.

PER CURIAM:

This case comes before the court on an application for Certificate of Probable Cause. William "Billy" Mitchell seeks to appeal from the denial of his second petition for writ of habeas corpus, pursuant to 28 U.S.C. section 2254, in this death penalty case; he also seeks to stay the execution presently set for 7:00 p.m., Tuesday, September 1, 1987. For the reasons stated, we deny the Certificate of Probable Cause and deny the stay.[1]

On November 4, 1974, petitioner-appellant William "Billy" Mitchell pled guilty to the murder—during the course of an armed robbery—of fourteen year-old Christopher Carr. The sentencing judge found aggravating circumstances that warranted imposition of the death penalty. An attorney, Clarence A. Miller, represented Mitchell during his plea and sentencing. Mitchell obtained new counsel and appealed his sentence to the Georgia Supreme Court, which affirmed the trial court's judgment. *Mitchell v. State*, 234 Ga. 160, 214 S.E.2d 900 (1975). Next, Mitchell filed a petition for habeas corpus in the Superior Court of Tattnall County, Georgia. That court denied Mitchell's petition; in *Mitchell v. Hopper*, 239 Ga. 781, 239 S.E.2d 2 (1977), the Georgia Supreme Court affirmed the denial of state habeas corpus relief.

On June 12, 1978, Mitchell filed an action for federal habeas corpus relief pursuant to 28 U.S.C. section 2254 in the United States District Court for the Southern District of Georgia. That court denied all of Mitchell's claims for relief in two separate opinions. *Mitchell v. Hopper*, 538 F.Supp. 77 (S.D.Ga.1982); *Mitchell v. Hopper*, 564 F.Supp. 780 (S.D.Ga.1983). We then affirmed the district court. *Mitchell v. Kemp*, 762 F.2d 886 (11th Cir.1985). Mitchell's petition to the United States Supreme Court for a writ of certiorari was denied. *Mitchell v. Kemp*, —— U.S. ——, 107 S.Ct. 3248, 97 L.Ed.2d 774 (1987).

On August 24, 1987, Mitchell filed a second state petition for a writ of habeas corpus. The Superior Court of Butts County denied the petition; on August 27, 1987, the Georgia Supreme Court declined to review that denial. Mitchell then filed a second federal habeas corpus petition, pursuant to 28 U.S.C. section 2254, with the Middle District of Georgia. The respondent specifically asserted abuse of the writ. Finding the petition to be a successive presentation of the same claims presented earlier, the district court denied Mitchell's petition without reaching the merits. The district court also denied a certificate of probable cause. This application followed.[2]

Mitchell's second habeas corpus petition raises two issues. After his first petition was denied in state and federal court, Mitchell was examined by a clinical psychologist, Dr. Joyce Carbonell; she believes that Mitchell suffered from "post-traumatic stress disorder" (PTSD)[3] in 1974, when he killed Christopher Carr and pled guilty to the murder. Mitchell now argues that (1) his attorney's failure to diagnose and present testimony of this disorder constituted ineffective assistance of counsel under the sixth amendment; and (2) he was not competent to render a guilty plea.

1. Petitioner's motion to proceed in forma pauperis is granted. Petitioner's motion for oral argument is denied.

2. We have monitored the filings, as they were made, in these state court and district court proceedings so that we could deal more thoroughly with the case once it came to us.

3. In 1980 the mental health profession adopted this label—PTSD—to describe a disorder that results from a debilitating brain dysfunction. The district court record reveals that, as Mitchell concedes, the underlying disorder itself was capable of being diagnosed (albeit under a different name) in 1974, when Mitchell pled guilty to murder.

Mitchell served some time in prison prior to the murder of Christopher Carr. Dr. Carbonell believes that Mitchell's admittedly traumatic experiences in prison so affected him that he "was neither able to distinguish right from wrong accurately at the time of the shooting, nor was he able to understand the nature and consequences of his actions."

Regarding the first issue, Mitchell now contends that his original attorney's failure to present testimony on Mitchell's mental state constituted ineffective assistance of counsel. In effect, Mitchell argues that attorney Miller did not meet the *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), reasonableness standard.

On numerous occasions, this issue has been raised and addressed. At the first state habeas corpus hearing, attorney Miller was called as a witness; Miller testified regarding his conversations with Mitchell and regarding Miller's own independent investigations. The state court confirmed that Miller rendered "reasonably effective assistance." The Georgia Supreme Court affirmed. *Mitchell v. Hopper*, 239 Ga. 781, 239 S.E.2d 2 (1977). Subsequently, a federal district court reached the same conclusion based on Mitchell's habeas corpus petition. *Mitchell v. Hopper*, 564 F.Supp. 780 (S.D.Ga.1983). We then affirmed and concluded that attorney Miller met the *Strickland* standard. *Mitchell v. Kemp*, 762 F.2d 886 (11th Cir.1985).

Mitchell reasserts this very same issue while stressing allegedly new evidence—namely, Dr. Carbonell's opinion regarding whether Mitchell suffered from PTSD. Yet a review of prior proceedings reveals the fallacy of Mitchell's argument. First, assuming that Mitchell suffered from a disorder when he pled guilty and was sentenced, a mental health expert could have diagnosed the condition at that time. Second, attorney Miller has testified that at all times Mitchell appeared lucid, alert, and competent; Miller and Mitchell discussed various strategies prior to Mitchell's guilty plea. Third, during the first federal habeas corpus proceeding Mitchell introduced the affidavit of a psychologist, who had conducted an extensive inquiry into Mitchell's mental state. Although the district court did not hear this expert witness and others, the district court did take written submissions from them into consideration and denied the writ. *See Mitchell*, 564 F.Supp. at 781 n. 1; *Mitchell*, 762 F.2d at 890.

Thus, Mitchell's reassertion of this issue constitutes a "successive petition." [4] Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Court provides as follows:

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure to the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

*See Kuhlmann v. Wilson*, 477 U.S. 436, 106 S.Ct. 2616, 2625–26, 91 L.Ed.2d 364 (1986). In *Kuhlmann* the Supreme Court held that "Federal courts should exercise their discretion to hear a successive petition ..." only in a "rare case", *id.:* namely, when "the 'ends of justice' require federal courts to entertain such petitions...." *Id.* at 2627 (quoting plurality opinion by Justice Powell). Our own court has elaborated the "ends of justice" standard recently. *See Moore v. Kemp*, 824 F.2d 847 (11th Cir.1987) (discussing this issue as it relates to a capital sentence proceeding).

Mitchell fails to make a showing that would satisfy the "ends of justice" test.[5] On several occasions, this court and others have held that attorney Miller effectively represented Mitchell. The operative facts underlying Mitchell's claims have re-

---

**4.** In *Kuhlmann v. Wilson*, 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986), Justice Powell distinguished the terms "successive petition" and "abuse of the writ" as follows:

A "successive petition" raises grounds identical to those raised and rejected on the merits on a prior petition.... The concept of "abuse of the writ" is founded on the equitable nature of habeas corpus. Thus, where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that "disentitle[s] him to the relief he seeks," the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ.

*Id.* at 2622 n. 6 (citations omitted).

**5.** Mitchell bears the burden of persuasion on this issue. *Kuhlmann*, 106 S.Ct. at 2622.

mained essentially the same and are not due a new examination now.

■ Regarding his second issue, Mitchell contends that he was mentally incompetent to stand trial in 1974. Again, he bases his claim on Dr. Carbonell's expert opinion. As precedent he cites *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), which stated that "it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial." *Id.* at 384, 86 S.Ct. at 841.

Mitchell's argument fails because *Pate* is inapposite in the present context. Although precedent in this court indicates that a criminal defendant's failure to question his competency at trial does not result in a procedural waiver of that right, *Adams v. Wainwright*, 764 F.2d 1356, 1359 (11th Cir.1985), Mitchell has received full procedural protection regarding his competency. At the first habeas proceeding, Judge Bowen found that Mitchell's counsel reasonably determined that "further investigation into Mitchell's mental state would be fruitless." *Mitchell v. Hopper*, 564 F.Supp. 780, 785 (S.D.Ga.1983). Moreover, in the first habeas proceeding the district court considered affidavits from expert witnesses on Mitchell's mental condition. *Id.* at 781–86; *Mitchell*, 762 F.2d at 890.

Although Mitchell contends that his competency argument is a new claim, the prior case history suggests a contrary result. Mitchell's mental state was raised, and disposed of, at the original habeas proceeding. The claim was framed in terms of ineffective assistance at that juncture, *see Mitchell*, 564 F.Supp. at 785, but petitioner's mental state was investigated. *See id.* Thus, raising the competence issue now is successive and constitutes an abuse of the writ.

All of Mitchell's claims are barred by the abuse/successive writ doctrine. Because reasonable jurists would not debate this result, we DENY Mitchell's application for a certificate of probable cause; we likewise DENY Mitchell's emergency motion for a stay of execution.