524 So.2d 987 (1987)
Jesse Joseph TAFERO, Appellant,
v.
STATE of Florida, Appellee.
No. 70422.
Supreme Court of Florida.
December 23, 1987.
Bruce Rogow, Fort Lauderdale, and Michael Tarre, Coral Gables, for appellant.
Robert A. Butterworth, Atty. Gen., and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
McDONALD, Chief Justice.
Jesse Tafero, a prisoner under sentence of death, appeals the trial court's denial of his second motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.; Fla.R.Crim.P. 3.850. We affirm the trial court's order.
A jury convicted Tafero of killing two men and recommended that he be sentenced to death. The trial court did so, and this Court affirmed Tafero's convictions and sentences. Tafero v. State, 403 So.2d 355 (Fla. 1981), cert. denied, 455 U.S. 983, 102 S.Ct. 1492, 71 L.Ed.2d 694 (1982). After the governor signed a death warrant on him in 1984, Tafero filed a 3.850 motion with the trial court. The trial court held a two-day evidentiary hearing and then denied relief. This Court affirmed and denied a stay of execution. Tafero v. State, 459 So.2d 1034 (Fla. 1984). Tafero then filed a habeas corpus petition which a federal district court denied. The Eleventh Circuit Court of Appeals granted a stay so that it could consider the case, but eventually affirmed the district court's denial of relief. Tafero v. Wainwright, 796 F.2d 1314 (11th Cir.1986), cert. denied, ___ U.S. ___, 107 S.Ct. 3277, 97 L.Ed.2d 782 (1987).
Tafero filed the instant 3.850 motion in December 1986. He also filed a motion to hold the 3.850 motion in abeyance because the United States Supreme Court had not yet ruled on his petition for review of the federal circuit court's denial of relief. The state asked the trial court to deny the instant motion as an abuse of rule 3.850 because it raised only grounds which could and should have been brought up in the original postconviction proceedings. The trial court agreed and denied both motions.
The current 3.850 motion raises seven issues. Three issues (1, 3, and 4) deal, directly or indirectly, with the effectiveness *988 of trial counsel's assistance. One issue (2) claims that Tafero's voluntary intoxication at the time of the crime negated specific intent, thereby rendering his conviction invalid. Other issues (5, 6, and 7) claim that a due process violation occurred in the use of a certain witness' testimony, that the death penalty is imposed in an arbitrary and discriminatory manner, and that the trial court denied Tafero's right to proceed pro se.
Tafero attacked his counsel's effectiveness both in his first postconviction motion and in his federal habeas petition. 459 So.2d at 1036; 796 F.2d at 1319-20. When counsel's ineffectiveness is raised in an initial motion for postconviction relief, a successive motion raising additional grounds for the same claim can be summarily denied. Christopher v. State, 489 So.2d 22 (Fla. 1986). The defense of voluntary intoxication was available at the time of Tafero's trial, and Burch v. State, 478 So.2d 1050 (Fla. 1985), is not a "change" in the law which would afford Tafero relief at this point. See Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). Tafero has attacked Walter Rhodes' testimony before, starting with his trial. See 403 So.2d at 359. Rhodes' recantation was the subject of Tafero's petition for writ of error coram nobis in 1983 (Tafero v. State, 440 So.2d 350 (Fla. 1983), cert. denied, 465 U.S. 1084, 104 S.Ct. 1456, 79 L.Ed.2d 773 (1984)), and the current claim should have been raised, if at all, in his first 3.850 motion. This Court has already considered Tafero's claim of arbitrary and discriminatory imposition of the death penalty, 459 So.2d at 1037, and the federal court has rejected his claim regarding pro se representation at trial. 796 F.2d at 1322.
Thus, the instant motion raises only claims which have been previously considered or which could or should have been raised before now. We hold, therefore, that the trial court properly denied this second 3.850 motion.
Tafero claims that it was error for the trial judge to rule on this 3.850 motion while a petition for certiorari was pending from the denial of his federal habeas corpus petition. Tafero's convictions and sentences became final when the Supreme Court denied review of this Court's affirming them on the original appeal. Burr v. State, 518 So.2d 903 (Fla. 1987). The 3.850 hearing and the federal habeas corpus petition are collateral and ancillary to these affirmed convictions and sentences. The trial judge, in his discretion, could have held in abeyance his ruling on this 3.850 motion until the United States Supreme Court decided whether or not to accept jurisdiction of the habeas appeal, but he was not obliged to do so. We find there was no abuse of his discretion in ruling when he did. We affirm the trial court's order.
It is so ordered.
OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs in result only.