520 So.2d 287 (1988)
Jesse Joseph TAFERO, Petitioner,
v.
Richard L. DUGGER, Respondent.
No. 71946.
Supreme Court of Florida.
February 26, 1988.
*288 Bruce Rogow, Nova University Law Center, Ft. Lauderdale, and Larry Helm Spalding, Capital Collateral Representative and Mark Evan Olive, Chief Asst., Capital Collateral Representative, Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Joy B. Shearer and Richard G. Bartmon, Asst. Attys. Gen., West Palm Beach, for respondent.
McDONALD, Chief Justice.
The governor recently signed Tafero's second death warrant, following which Tafero filed the instant petition for writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const. We deny both the petition and the request for stay of execution.
Tafero has a lengthy history in the courts. After a jury found him guilty of first-degree murder, among other things, the trial court sentenced Tafero to death, and this Court affirmed both the conviction and sentence. Tafero v. State, 403 So.2d 355 (Fla. 1981), cert. denied, 455 U.S. 983, 102 S.Ct. 1492, 71 L.Ed.2d 694 (1982). Later, this Court denied Tafero's motion for leave to file a petition for writ of error coram nobis. Tafero v. State, 440 So.2d 350 (Fla. 1983). After the signing of his first death warrant, Tafero moved for postconviction relief; this Court affirmed the trial court's denial of that relief. Tafero v. State, 459 So.2d 1034 (Fla. 1984). The federal courts stayed his execution, but ultimately denied Tafero relief on his federal petition for writ of habeas corpus. Tafero v. Wainwright, 796 F.2d 1314 (11th Cir.1986), cert. denied, ___ U.S. ___, 107 S.Ct. 3277, 97 L.Ed.2d 782 (1987). Finally, we recently affirmed the trial court's denial of Tafero's second motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Tafero v. State, no. 70,422 (Fla. Dec. 23, 1987).
In this petition Tafero claims that he is entitled to relief under Hitchcock v. Dugger, ___ U.S. ___, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). He argues that the trial judge believed the mitigating circumstances which could be considered were restricted to those listed in subsection 921.141(6), Florida Statutes (1975), that the judge therefore restricted both his consideration and the jury's to the statutory list, and that the prosecutor reinforced that limitation on mitigating evidence. Tafero has raised the restricted consideration of mitigating evidence before, and those claims have been denied. 459 So.2d at 1036; 796 F.2d at 1321-22. Again, even though now *289 wrapped in the cloak of Hitchcock, we find no merit to the claim.
Tafero presented no evidence, whether statutory or nonstatutory, to mitigate his sentence. This waiver has been considered and found valid numerous times. 403 So.2d at 362. See 459 So.2d at 1036; 796 F.2d at 1319-20.
Tafero also now claims that, even though he presented no evidence at sentencing, the judge and jury could have gleaned certain nonstatutory mitigating evidence from the guilt phase. This "evidence" includes residual doubt about the extent of Tafero's participation in the crime and his guilt,[1] the disparate treatment of Tafero's co-defendants,[2] and Tafero's being a father.[3]
Tafero's lawyer deliberately did not argue mitigating circumstances. This has been found to be based on tactical decisions. 459 So.2d 1034, 1036. To suggest now that his strategy and argument would have been different if the judge had specifically informed the jury it could consider nonstatutory mitigating circumstances is at best speculative. Suggesting that the jury's recommendation or the judge's order would be different is contrary to reason.
Given the four valid aggravating circumstances and the weakness of this mitigating evidence, we are convinced that the jury would have recommended, and the judge would have imposed, a death sentence even if all concerned knew that presentation and consideration of nonstatutory mitigating evidence was unlimited. Ford v. State, 522 So.2d 345 (Fla. 1988); Booker v. Dugger, 520 So.2d 246 (Fla. 1988); Delap v. Dugger, 513 So.2d 659 (Fla. 1987). Because of these facts, Tafero's waiver of presenting and arguing mitigating evidence, and the overwhelming evidence of guilt and substantial aggravating factors, we find that any Hitchcock error was harmless beyond a reasonable doubt.
Tafero also claims that the trial court improperly diminished the jurors' sense of responsibility in sentencing in violation of Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). Caldwell is not a change in the law which will justify postconviction relief. Ford v. State; Foster v. State, 518 So.2d 901 (Fla. 1987). Tafero is, therefore, procedurally barred from raising this claim in this proceeding.
We deny the petition for writ of habeas corpus as well as the request for stay of execution.
It is so ordered.
OVERTON, EHRLICH and SHAW, JJ., concur.
KOGAN, J., concurs specially with an opinion.
BARKETT, J., dissents with an opinion.
NO MOTION FOR REHEARING WILL BE ALLOWED.
KOGAN, Justice, specially concurring.
There is no question that the requirements of Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), and Hitchcock v. Dugger, ___ U.S. ___, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), were not fulfilled. The trial court erred in failing to instruct the jury that they could consider nonstatutory mitigating evidence. It is also obvious from a reading of the sentencing order that the trial judge only considered statutory aggravating and statutory mitigating circumstances in sentencing the defendant to death. Though I concur with the result reached by the majority, I write to express my disagreement with the conclusion that Tafero waived his right to have the jury consider mitigating evidence by failing to present any evidence during the sentencing proceeding.
In Lockett, the United States Supreme Court concluded that "the Eighth and *290 Fourteenth Amendments require that the sentencer, in all but the rarest kind of capital case, not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." 438 U.S. at 604, 98 S.Ct. at 2964 (emphasis in original) (footnotes omitted). The fact that the defendant declines, for whatever reason, to proffer evidence of mitigating circumstances does not preclude the sentencer from considering such evidence if it appears in the record. Rather, Lockett requires the sentencer to consider mitigating evidence on the record regardless of whether it has been submitted by the defendant.
Thus, the fact that Tafero did not put on any mitigating evidence during the sentencing proceeding should not be upheld as a waiver of the right to have the sentencer consider the record to determine the existence of evidence in mitigation. Accordingly, in reviewing the record as we must, it is our responsibility to independently determine whether any evidence, either statutory or nonstatutory, exists which would mitigate the sentence of death. The fact that Tafero declined to put on a defense during the sentencing hearing should not have a bearing on this Court's duty to examine the record. In short, under Lockett there can be no waiver, as the majority suggests, of the right to have the sentencer and the reviewing court consider all the evidence of any aspect of the defendant's character or record and any of the circumstances of the offense.
However, in reviewing the record to determine the existence of nonstatutory mitigating evidence, I can say beyond a reasonable doubt that any such evidence would not have affected the jury in a manner which would result in a lesser sentence recommendation, and would not have resulted in a lesser sentence being imposed by the trial judge. Therefore, I would deny relief to Tafero.
BARKETT, Justice, dissenting.
I cannot in good conscience say the Hitchcock/Lockett error in this case was harmless beyond a reasonable doubt.
Jesse Tafero's sentencing occurred prior to the United States Supreme Court's decisions in Lockett, holding unconstitutional any limitation on a defendant's presentation of mitigation circumstances, and Hitchcock, holding unconstitutional any limitation on the judge and jury's consideration of such evidence. There is no question that, because of the judge's instructions and the prosecutor's argument, the jury in this case was limited to considering only statutory mitigating factors.
It is true that Tafero's lawyer did not present any mitigating evidence and that his decision has been deemed a "tactical" or "strategic" choice by this Court. I can agree that a lawyer might decide not to present evidence of potentially mitigating factors because it might "backfire" and inure to his client's detriment. This decision would properly be termed "strategic." However, this characterization cannot possibly apply to a decision not to argue mitigating factors arising out of the guilt/innocence portion of the trial such as codefendant complicity or doubt as to who were the triggerpersons.[1] Tafero's decision not to present anything was made without benefit of Lockett or Hitchcock. I cannot conclude beyond a reasonable doubt that Tafero would have taken the same "tactical" approach had he been advised that he could present and argue in mitigation "any of the circumstances of the offense that might serve as a basis for a sentence less than death," and that the jury would be instructed that it must consider all such evidence.
In light of Tafero's defense and his counsel's statement at sentencing, the only reasonable explanation for counsel's failure to argue this mitigating evidence at the penalty *291 phase was that he did not know that he could.[2]
We have been charged with the responsibility of assuring compliance with the eighth amendment's "need for reliability in the determination that death is the appropriate punishment in a specific case." Woodson v. North Carolina, 428 U.S. 280, 305, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944 (1976). I cannot say beyond a reasonable doubt that the sentencing hearing which occurred in this case provided the degree of reliability required.
NOTES
[1] Residual or lingering doubt is not an appropriate mitigating circumstance. King v. State, 514 So.2d 354 (Fla. 1987). We have unequivocally held that Tafero did the killing.
[2] This has been considered before. 403 So.2d at 362; 459 So.2d at 1037; 796 F.2d at 1321.
[3] This, too, has been considered previously. 796 F.2d at 1321.
[1] The only person who testified that Tafero did any of the shooting was codefendant Rhodes. After the trial, Rhodes recanted, under penalty of perjury, his prior testimony. This Court refused to reconsider the recantation when it denied Tafero's petition for writ of error coram nobis. 440 So.2d 350 (Boyd, J. and Overton, J., dissenting).
[2] I would find counsel's actions in appearing at Tafero's sentencing dressed totally in black  black suit, black shirt, black boots  to symbolize that justice had died, and declaring to the jury that his client had not received a fair trial and would not plead for mercy per se ineffective. This lawyer, who was later convicted of the felony of bribing a witness and consequently suspended from the bar, did not merely fail to present mitigating evidence; he acted totally contrary to his client's interests by alienating the jury.