873 F.2d 249
 Jessie Joseph TAFERO, Petitioner-Appellant,
v.
Richard DUGGER, Secretary of Florida Department of
Corrections, Respondent-Appellee.
 No. 88-5198.
 United States Court of Appeals,
Eleventh Circuit.
 May 1, 1989.
Rehearing and Rehearing In Banc denied June 12, 1989.
 
 Mark E. Olive, Chief Asst. Capital Collateral Representative, Tallahassee, Fla., Bruce Rogow, Nova University Law Center, Ft. Lauderdale, Fla., for petitioner-appellant.
 Joy Shearer, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.
 Appeal from the United States District Court for the Southern District of Florida.
 Before VANCE, KRAVITCH and HATCHETT, Circuit Judges.
 PER CURIAM:
 
 
 1
 Following oral argument, we held this case for consideration and decision in light of the Supreme Court's ruling in Dugger v. Adams, --- U.S. ----, 109 S.Ct. 1211, 103 L.Ed.2d 435 (1989). We affirm.
 
 
 2
 The facts of this case are set forth in Tafero v. Wainwright, 796 F.2d 1314 (11th Cir.1986), cert. denied, 483 U.S. 1033, 107 S.Ct. 3277, 97 L.Ed.2d 782 (1987). Subsequent to that decision, Tafero filed a second state court motion for post-conviction relief, pursuant to Fla.R.Crim.P. 3.850. A state trial court denied the motion and the Florida Supreme Court affirmed. Tafero v. State, 524 So.2d 987 (Fla.1987). Tafero then sought a writ of habeas corpus from the Florida Supreme Court, contending that the United States Supreme Court's decision in Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987) entitled him to relief. The Florida Supreme Court denied his petition. Tafero v. Dugger, 520 So.2d 287 (Fla.1988).[1] Tafero next filed a second federal habeas corpus petition pursuant to 28 U.S.C. Sec. 2254. The district court denied his petition. Tafero v. Dugger, 681 F.Supp. 1531 (S.D.Fla.1988).
 
 I. ISSUES
 Tafero raises three issues:
 
 3
 (1) Whether the district court erred by concluding that the sentencing court's instructions to the jury did not violate Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985).
 
 
 4
 (2) Whether the district court erred by ruling that Tafero's ineffective assistance of counsel claim was procedurally barred.
 
 
 5
 (3) Whether the district court erred by concluding that trial court errors violative of Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987) and Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978) were harmless.
 
 II. DISCUSSION
 A. Caldwell Claim
 
 6
 Tafero contends that the district court incorrectly held that the sentencing court's instructions to the jury did not violate Caldwell v. Mississippi. Because of the Supreme Court's decision in Dugger v. Adams, we hold that Tafero is procedurally barred from raising a Caldwell claim.
 
 
 7
 Caldwell prohibits a trial court from diminishing the jurors' sense of responsibility in the sentencing process of a capital case. The United States Supreme Court granted certiorari in Caldwell several weeks before Tafero filed his first federal habeas corpus petition. In that petition, Tafero did not raise a Caldwell-type claim nor had he raised any similar claim in his first 3.850 petition. The Florida Supreme Court, after denying Tafero's second 3.850 petition, held Tafero procedurally barred from raising a Caldwell claim. The court held that Caldwell did not sufficiently change Florida law to justify post-conviction relief. Tafero v. Dugger, 520 So.2d at 289.
 
 
 8
 Because pre-Caldwell Florida law provided a claim similar to that provided by Caldwell, and because Tafero failed to raise that claim in state court, Tafero is procedurally barred from raising a Caldwell claim in this federal habeas corpus proceeding. Dugger v. Adams, --- U.S. at ----, 109 S.Ct. at 1215, 103 L.Ed.2d at 443 (citing Pait v. State, 112 So.2d 380, 383-84 (Fla.1959) and Blackwell v. State, 76 Fla. 124, 79 So. 731, 735-36 (1918)).[2]
 
 B. Ineffective Assistance of Counsel
 
 9
 The district court held that rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts barred Tafero's ineffective assistance of counsel claim.[3]
 
 
 10
 Tafero argues that the Supreme Court's decision in Hitchcock "revitalizes" his claim of ineffective assistance of counsel, creating a new standard by which to evaluate his counsel's actions at the sentencing phase of the trial. Tafero presented and received rulings on these same alleged errors in his state 3.850 petitions and in his first federal habeas corpus petition. His assertion, therefore, constitutes a "successive petition." See Mitchell v. Kemp, 827 F.2d 1433, 1435 (11th Cir.), cert. denied, 483 U.S. 1050, 108 S.Ct. 14, 97 L.Ed.2d 812 (1987).
 
 
 11
 Federal courts may consider successive habeas corpus petitions only in "rare instances" when the "ends of justice" require relitigation. Kuhlman v. Wilson, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986). See Messer v. Kemp, 831 F.2d 946, 958 & n. 19 (11th Cir.1987) (in banc), cert. denied, --- U.S. ----, 108 S.Ct. 1586, 99 L.Ed.2d 902 (1988); Mitchell, 827 F.2d at 1435. In determining whether to reconsider the merits of a claim relating to the sentencing phase of a capital trial, we must consider whether "the alleged constitutional error [either] precluded the development of true facts [or] resulted in the admission of false ones." Moore v. Kemp, 824 F.2d 847, 857 (11th Cir.1987) (in banc), cert. granted, --- U.S. ----, 108 S.Ct. 1467, 99 L.Ed.2d 697 (1988) (quoting Smith v. Murray, 477 U.S. 527, 538, 106 S.Ct. 2661, 2668, 91 L.Ed.2d 434 (1986)). As the district court explained, the "ends of justice" do not require relitigation of Tafero's claim:
 
 
 12
 Tafero attempts to recast his ineffective assistance claim in a new light because he now alleges Hitchcock error, but the substance of his claim remains the same. The effectiveness of Robert McCain, Tafero's trial counsel, has already been determined both by this court and by the Eleventh Circuit. Tafero has not made a colorable showing that, even in light of Hitchcock, the alleged ineffective assistance of counsel precluded the development of true facts.
 
 
 13
 Tafero v. Dugger, 681 F.Supp. at 1533.
 
 
 14
 Hitchcock does not alter the correctness of previous decisions denying Tafero's ineffective assistance of counsel claim. Hitchcock involved a capital sentencer's failure to consider non-statutory mitigating circumstances. Tafero's counsel, however, purposely presented no mitigating circumstances. Tafero consented to this approach. This strategic decision did not prejudice Tafero. Tafero v. Wainwright, 796 F.2d at 1320. See Tafero v. State, 459 So.2d 1034, 1036 (Fla.1984) (defense counsel's actions did not constitute ineffective assistance of counsel because they "resulted from considered deliberation and [were] based on tactical decisions."). See also Burger v. Kemp, 483 U.S. 776, 107 S.Ct. 3114, 3122-26, 97 L.Ed.2d 638 (1987) (rejecting an ineffective assistance of counsel claim under similar circumstances). The "ends of justice" would not be served by relitigating the ineffective assistance of counsel claim.
 
 C. Hitchcock Claim
 
 15
 Finally, Tafero contends that the district court improperly found trial court error under Hitchcock and Lockett to be harmless.
 
 
 16
 The district court held that the trial court committed error by failing to instruct the jury to consider, and by failing to consider, mitigating factors beyond those listed in Fla.Stat.Ann. Sec. 921.141(6) (West 1985). Tafero v. Dugger, 681 F.Supp. at 1535. See Hitchcock, 481 U.S. at 398-99, 107 S.Ct. at 1824-25 (sentencer must consider all relevant mitigating evidence) (citing Lockett ). The district court, however, found the error harmless beyond a reasonable doubt when it weighed Tafero's alleged mitigating factors against the case's aggravating circumstances.[4] Contrary to Tafero's contention, Hitchcock error can be harmless. Clark v. Dugger, 834 F.2d 1561, 1569-70 (11th Cir.1987), cert. denied, --- U.S. ----, 108 S.Ct. 1282, 99 L.Ed.2d 493 (1988) (citing Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)).[5] We agree with the district court that "[t]he mitigating circumstances in no manner ameliorate the enormity of Tafero's guilt." Tafero v. Dugger, 681 F.Supp. at 1536. We have held as much before. Tafero v. Wainwright, 796 F.2d at 1320 ("Because Tafero presented weak mitigating evidence and because of the overwhelming evidence of the aggravating circumstances surrounding the murders, we are convinced that no reasonable probability existed that the jury would have reached a different result had Tafero's counsel presented the mitigating evidence which was available, or had he presented a stronger closing argument.").III. CONCLUSION
 
 
 17
 We affirm the district court and hold that: (1) Tafero's Caldwell claim is procedurally barred; (2) the ineffective assistance of counsel claim is barred; and (3) the Hitchcock error is harmless.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 The Florida Supreme Court published its 1988 Tafero opinion in an earlier volume of the Southern Reporter than its 1987 Tafero opinion
 
 
 [2]
 The district court, relying on Adams v. Wainwright, 804 F.2d 1526 (11th Cir.1986), modified on denial of reh'g, 816 F.2d 1493 (11th Cir.1987), held that Tafero's Caldwell claim was not procedurally barred and rejected his claim on the merits. We need not discuss the merits of Tafero's Caldwell claim because the Supreme Court's decision in Adams v. Dugger reverses our decision in Adams v. Wainwright and mandates dismissal on procedural grounds. Dugger v. Adams, --- U.S. at ----, 109 S.Ct. at 1211, 103 L.Ed.2d at 435
 
 
 [3]
 Rule 9(b) provides: "A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."
 
 
 [4]
 On appeal, Tafero discusses three non-statutory mitigating factors that the sentencing judge and jury should have considered: First, Tafero argues that evidence existed creating doubt about whether he shot the victims; second, Tafero argues that the jury may have had "residual doubts" about his guilt; and third, Tafero argues that the state gave disparate treatment to a codefendant who received a life sentence. The district court weighed these factors and a fourth factor (Tafero's parenthood) against the following aggravating circumstances: First, Tafero committed the murders while on parole; second, Tafero possessed a history of criminal activity that involved the use or threat of violence; third, Tafero committed the murders in an attempt to avoid lawful arrest; and fourth, Tafero committed the murders to hinder law enforcement. Tafero v. Dugger, 681 F.Supp. at 1535-36. See Tafero v. State, 403 So.2d 355 at 359 (Fla.1981) (Florida Supreme Court affirmed finding that Tafero shot victims). The factors presented by Tafero contain little mitigating value. We agree with the district court that any Hitchcock error was harmless in light of the overwhelming aggravating circumstances involved in, and evidence in support of, Tafero's conviction
 
 
 [5]
 We are aware of conflicting viewpoints in this circuit concerning the application of a harmless Hitchcock error standard. See Demps v. Dugger, 874 F.2d 1385 (11th Cir. 1989) (Clark, J., specially concurring) (Johnson, J., concurring in part and dissenting in part). This case, however, parallels the situation in Clark v. Dugger. Tafero's counsel, like the Clark defendant's counsel, purposely presented no non-statutory mitigating evidence. Tafero later claimed that such evidence existed (as did the Clark defendant; see Clark, 834 F.2d at 1569-70). The Clark court held that any Hitchcock error was harmless because of the defendant's counsel's failure to present non-statutory mitigating evidence. Likewise, we conclude that any Hitchcock error by Tafero's counsel was harmless. Our opinion in Knight v. Dugger, 863 F.2d 705 (11th Cir.1988) (Tjoflat, J., specially concurring) (Clark, J., specially concurring) does not hold otherwise. In Knight, the court rejected the state's argument that no amount of non-statutory mitigating evidence could change the result of a sentencing decision despite Hitchcock error. That theory, the court held, "would do away with the requirement of an individualized sentencing determination in cases where there are many aggravating circumstances." Knight, 863 F.2d at 710. By considering Tafero's alleged non-statutory mitigating factors, and by weighing them against the case's aggravating circumstances, we do not fail to account for the "individualized sentencing determination" required by Knight and Lockett. See also Jones v. Dugger, 867 F.2d 1277, 1279-80 (11th Cir.1989) (stating, in dicta, that "resentencing is not required where the nonstatutory mitigating evidence presented was so insignificant that it would not have altered the jury's decision")