561 So.2d 557 (1990)
Jesse Joseph TAFERO, Appellant,
v.
STATE of Florida, Appellee.
No. 75909.
Supreme Court of Florida.
April 30, 1990.
*558 Mark E. Olive, Atlanta, Ga., for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Jesse Tafero, a prisoner under a third death warrant, appeals the trial court's summary denial of his third motion for postconviction relief and seeks a stay of execution. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution. We affirm the trial court's denial of relief and deny the requested stay.
Tafero has a lengthy history before this Court: Tafero v. State, 403 So.2d 355 (Fla. 1981) (conviction and sentence affirmed), cert. denied, 455 U.S. 983, 102 S.Ct. 1492, 71 L.Ed.2d 694 (1982); Tafero v. State, 440 So.2d 350 (Fla. 1983) (petition for writ of error coram nobis denied), cert. denied, 465 U.S. 1084, 104 S.Ct. 1456, 79 L.Ed.2d 773 (1984); Tafero v. State, 459 So.2d 1034 (Fla. 1984) (first Fla.R.Crim.P. 3.850 motion denied); Tafero v. Dugger, 520 So.2d 287 (Fla. 1988) (petition for writ of habeas corpus denied); Tafero v. State, 524 So.2d 987 (Fla. 1987) (second 3.850 motion denied). Additionally, the federal courts have denied relief on two petitions for habeas corpus. Tafero v. Dugger, 873 F.2d 249 (11th Cir.1989), cert. denied, ___ U.S. ___, 110 S.Ct. 1834, 108 L.Ed.2d 962 (1990); Tafero v. Wainwright, 796 F.2d 1314 (11th Cir.1986), cert. denied, 483 U.S. 1033, 107 S.Ct. 3277, 97 L.Ed.2d 782 (1987).
The instant motion raises three claims: 1) error under Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987); 2) trial counsel rendered ineffective assistance by failing to object to error under Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985); and 3) Tafero's death sentence is unconstitutional because one of his aggravating circumstances, previous conviction of violent felony, was based on "unconstitutionally imposed" convictions. Tafero bases the first claim on our holding in Adams v. State, 543 So.2d 1244, 1246-47 (Fla. 1989), that Hitchcock claims filed after June 30, 1989[1] are time barred and our ruling in Hall v. State, 541 So.2d 1125, 1128 n. 4 (Fla. 1989) that, after the filing of Hall (March 9, 1989), Hitchcock claims must be filed in 3.850 motions, not petitions for habeas corpus. This Court and the federal courts have already considered Tafero's Hitchcock claim on the merits, have found any error to be harmless, and have denied relief. 520 So.2d at 288-89; 873 F.2d at 252-53. Considering the currently tendered nonstatutory mitigating evidence and the totality of this record, we can unequivocally say that the failure to present this evidence was harmless beyond a reasonable doubt.
*559 The Caldwell ineffective assistance of counsel claim is procedurally barred. Because Tafero attacked his counsel's performance in his first 3.850 motion, we found the additional claims of ineffectiveness raised in his second postconviction motion procedurally barred. 524 So.2d at 988. The same holds true for this, his third, challenge to trial counsel's actions.[2] Additionally, both this Court and the Eleventh Circuit Court of Appeals have rejected Tafero's Caldwell claim prior to this proceeding. 520 So.2d at 289; 873 F.2d at 250-51.
Citing Johnson v. Mississippi, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988), Tafero argues in his last point that his previous convictions, upon which the trial court based finding the aggravating factor of previous conviction of violent felony, are constitutionally infirm. There are several problems with this claim. Tafero raised essentially this same argument as the basis of a claim of ineffective assistance in his first 3.850 motion. In denying the claim we noted: "In 1979 Tafero brought these confessions [allegedly of another person to the crimes Tafero had been convicted of] to a trial court as newly discovered evidence. The trial court found `that neither the third party confessor nor the third party witness was worthy of belief,' and the district court affirmed the denial of Tafero's motion to vacate. Tafero v. State, 406 So.2d 89, 93 n. 9 (Fla. 3d DCA 1981)." 459 So.2d at 1036. Additionally, Johnson, which held invalid a death sentence aggravated by a later-vacated prior conviction, is inapplicable here. As noted above, Tafero has already failed to have his previous convictions vacated. His current allegation that he will, at some unspecified time in the future, again challenge those convictions and win is rank speculation. Moreover, the aggravating factors in this case have been previously considered. 403 So.2d at 361-62. We therefore find this claim to be procedurally barred.[3]
As a last note on the aggravating factor of previous conviction of violent felony, even if, by some stretch of the imagination, Tafero's prior convictions are ever vacated, this factor has still been established beyond a reasonable doubt. Tafero killed two people, the jury convicted him of both murders, and the court imposed two death sentences. Each conviction supported finding a previous felony conviction for the other sentence. Thus, there is an ample basis for this aggravating factor which overturning those other convictions will not affect. See Duest v. Dugger, 555 So.2d 849 (Fla. 1990).
Therefore, we affirm the trial court's denial of Tafero's 3.850 motion and deny the requested stay of execution.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD and GRIMES, JJ., concur.
BARKETT, J., dissents with an opinion.
SHAW and KOGAN, JJ., did not participate in this case.
BARKETT, Justice, dissenting.
I adhere to the position I stated in Tafero v. Dugger, 520 So.2d 287, 290 (Fla. 1988) (Barkett, J., dissenting), especially in light of the additional claims of mitigating evidence presented here.
NOTES
[1] Request for extension of deadline to Aug. 1, 1989 granted. Spalding v. Dugger, 547 So.2d 1210 (Fla. 1989) (table).
[2] Because Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), is inapplicable in Florida, Combs v. State, 525 So.2d 853 (Fla. 1988), counsel's failure to object to any currently alleged Caldwell error cannot be ineffective assistance. See King v. Dugger, 555 So.2d 355 (Fla. 1990).
[3] In Clemons v. Mississippi, ___ U.S. ___, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), the Court held that an appellate court may, but need not, reweigh aggravating and mitigating circumstances if an aggravating circumstance is invalidated or may, but need not, apply a harmless error analysis in such instance. We do not see how Clemons has any effect on Tafero's sentencing, and, because his sentence has been fully considered, we hold the subclaim based on Clemons is inapplicable.