BOOTH, Judge,
dissenting:
I cannot agree with the majority that the instant motion falls within the exception to Florida Rule of Criminal Procedure 3.850 for claims predicated on “newly discovered evidence.” Florida Rule of Criminal Procedure 3.850 states in pertinent part:
A motion to vacate a sentence which exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than two years after the judgment and sentence become final unless it alleges (1) the facts upon which the claim is predicated were unknown to the movant or his attorney and could not have been ascertained by the exercise of due diligence_ [emphasis added]
The foregoing rule does not purport to define what constitutes newly discovered evidence but applies generally and was intended to “serve the function of a writ of error coram nobis.” Richardson v. State, 546 So.2d 1037, 1038 (Fla.1989). The law is clear that the traditional definition of “newly discovered evidence” remains intact, as held in Jones v. State, 591 So.2d 911 (Fla.1991). That is, “[t]he facts alleged must not have been known by the court, by the party, or by counsel, at the time of trial, and it must be made clear that defendant or his counsel could not have discovered them through the use of due diligence.” Smith v. State, 400 So.2d 956, 960 (Fla.1981); Jones, supra.
In Tafero v. State, 459 So.2d 1034 (Fla.1984), the trial court found, as an aggravating death penalty factor, that Tafero had previously been convicted of a violent felony. Tafero asserted that another person had confessed to the crimes underlying this aggravating factor and that, therefore, his counsel was ineffective for failing to present this mitigating evidence at his sentencing hearing. The Supreme Court held that:
At the instant evidentiary hearing, Tafero’s trial counsel admitted knowing about this alleged confession.... This claim, therefore, does not constitute newly discovered evidence. Tafero’s counsel’s tactical decision not to bring up this matter does not constitute ineffective assistance of counsel....
Tafero stands for the proposition that a claim of ineffective assistance of counsel based on newly discovered evidence, is *922 without merit where the evidence is known to the attorney. See also Jones, supra; Smith, supra; and Busch v. State, 466 So.2d 1075, 1078 (Fla. 3d DCA1984).
In the instant case, Vann admits that his attorney knew, at the time of trial, the evidence claimed to be newly discovered. Therefore, the evidence does not qualify as newly discovered, and the exception to Rule 3.850 is not applicable. I must dissent from the majority’s decision to reverse.